Elizabeth Heisey (widow), for herself as well as for Ivan
   Heisey, and Leah Snyder, minor children of John H.
   Heisey, deceased, *v.* The Township of Rapho, Lan-
   caster County, notice to Amos Breneman and William
   Rice, who were road supervisors, November 18, 1894,
   and to Joseph E. Brubaker and William R. Rice, who
   are now road supervisors.

*Negligence—Townships—Defective bridge—Contributory negligence.*

In an action against a township to recover damages for the death of
plaintiff's husband, the question of the defendant's negligence and the
deceased's contributory negligence is for the jury where the evidence
shows that at the time of the accident the plaintiff was driving a blind
horse in a dogcart over a bridge in which there was a hole; that the
horse slipped into the hole, causing the accident, and that the defect in the
bridge had been known to one of the supervisors for several weeks.

Argued May 18, 1897. Appeal, No. 503, Jan. T., 1896, by
defendants, from judgment of C. P. Lancaster Co., May T.,
1895, No. 7, on verdict for plaintiff. Before STERRETT, C. J.,
GREEN, WILLIAMS, McCOLLUM and FELL, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband.
Before LIVINGSTON, P. J.

At the trial it appeared that on November 18, 1894, plaintiff
and her husband, John H. Heisey, drove a blind horse in a dog-
cart over a bridge in the defendant township. There was a hole
in the bridge, and into this the horse slipped, and Mr. Heisey
was thrown from the cart and sustained injuries from which he
subsequently died. The evidence showed that one of the super-
visors had had knowledge of the defective condition of the road
for several weeks prior to the accident.

The court charged in part as follows:
[From our view of the case as presented, by which you are in
no way bound, your real investigation is narrowed down to a
rather close question. There can be no question as to the fact
of negligence on the part of the defendant, Rapho township.

VOL. CLXXXI—36

The supervisor admits both by word and act that this place complained of was not in proper condition; that he knew of the hole spoken of at this bridge some time prior to the accident, and had also been told of it, and that he had fixed it temporarily by putting a stone in until he could get time to repair it properly, which he never did while he was in office. So that the main question for you to decide will be : Was John Heisey, the man who was killed or injured so he died, guilty of contributory negligence ? None appeared when the testimony of the plaintiff closed, in our view. As we have told you, this cannot be inferred merely because he was killed or injured so he died. The presumption is he did his whole duty, and the onus or burden of proving he was guilty of contributory negligence rests upon the township, the defendant.] [13]

- Defendant's points and answers thereto among others were as follows:

1. In this action the burden of proof is on the plaintiff. She must show a case clear of contributory negligence on the part of John H. Heisey, and must prove negligence on the part of the defendant contributory to the injury. The defendant is presumed to be free from negligence. *Answer :* Our answer to that is that in cases of this character neither the court nor the jury can infer negligence or contributory negligence on the part of the deceased, John H. Heisey, merely because he was killed or injured so he died. The presumption of law is he was not negligent, that he did his duty, and proof thereof is no part of plaintiff's case. The burden of proving contributory negligence on his part is on the party alleging it, the defendant in this action. The balance of the point is true; he must prove negligence on the part of the township without contributory negligence on his part, clear of negligence on his part, and that is presumed by his death. [2]

3. If the jury believe that John H. Heisey, in driving the blind mare, neglected to guide her in the middle of the track or road, and thus caused the accident which followed, he was guilty of contributory negligence and the plaintiff cannot recover. *Answer :* This we say we refuse. John H. Heisey was not bound to drive in the middle of the bridge. He had a right to drive over any part of the bridge open for travel. We remember no evidence as to negligence on the part of Heisey in

driving. The jury will remember the evidence, and if contributory negligence has been proved plaintiff cannot recover. [3]

4. If there was a hole or depression a little larger than a horse's hoof at the bridge, as testified to, and the same had been filled up, and only opened the day of the accident to John H. Heisey, there was no neglect or negligence on the part of the supervisors of Rapho township that would cause any liability, and the verdict of the jury must be for the defendant. *Answer :* That point we refuse. Notice had been given to them, and they knew it long before that, according to their own admission. [4]

5. If John H. Heisey, or his wife, the plaintiff, was guilty of any degree of negligence the plaintiff cannot recover, even though the township was guilty of negligence. *Answer :* We say if the defendant has proved satisfactorily to the jury that John H. Heisey was guilty of contributory negligence the verdict must be for the defendant. We refuse to affirm that portion of it which refers to his wife. There is no testimony with reference to her negligence. [5]

6. The plaintiff must show by the evidence that John H. Heisey was free from all contributory negligence and also that his injury, which caused his death, was the natural and probable consequence of neglect on the part of the township officers, before the plaintiff can recover. If the jury cannot find this state of facts from the evidence the verdict must be in favor of the defendant. *Answer :* We say the deceased, John H. Heisey, is presumed by law to have been free from negligence, to have done his whole duty, and the burden of proving contributory negligence is on the defendant alleging it. It is no part of the plaintiff's case. If the defendant has proved to the satisfaction of the jury that Heisey was guilty of contributory negligence then their verdict must be for defendant. [6]

7. If this blind mare driven by John H. Heisey slipped and fell in the road at or on the bridge before the alleged hole was reached, and by so doing caused the accident which resulted in the death of John H. Heisey, then the township is in no way liable, and the verdict must be against the plaintiff. *Answer :* Our answer to that is, this would be true, provided the mare did not get her foot in the hole, and by that means caused the accident. [7]

8. If there was a hole, as alleged by plaintiff and denied by defendant, and John H. Heisey drove a blind mare on a slippery road over the bridge, which he knew had a hole on the east side, and he did not drive to the south side of the bridge (sixteen feet long), affording ample and safe passage, he was guilty of contributory negligence, and plaintiff cannot recover. *Answer :* Our answer to that is, that if the hole in the bridge had not been filled up by a stone, as alleged in the fourth point, the day before the accident, and only opened on the day of the accident, there would be no presumption that Heisey knew it was open on the day of the accident, and the defendant has furnished no proof that he did. The point must, therefore, be refused. [8]

9. The fact that John H. Heisey was driving a blind mare in a one-seated dogcart, with the plaintiff, his wife, by his side, on this slippery road and bridge at the time of the accident, was an act of contributory negligence on his part, and the verdict must be for the defendant. *Answer :* We say it was not negligence merely to drive a blind mare, as stated in this point, if driven with ordinary care. Therefore, we refuse the point. [9]

11. If there was any defect in or at said bridge or road not apparent and visible, but hidden and unknown to the supervisors of the township, defendant would not be liable for any accident resulting therefrom to a traveler on the highway. *Answer :* This as a legal proposition would be true if the supervisors had no notice, but in this case the supervisor was told, as he says, of the defect and attempted to fix it temporarily until he could get time to repair it permanently. We refuse the point for that reason. [10]

12. If the jury believe that the blind mare stumbled on the west side of the bridge and slipped on the bridge, throwing John H. Heisey out of the cart, then the plaintiff cannot recover, even if the mare did afterwards slip forward to where the hole was alleged to be. *Answer :* Our answer to that is, if the mare stumbled on the west side and thus threw Heisey out of the cart and killed him, or injured him so he died, without getting into the hole, of which we remember no evidence at all, and after the injury the mare only got into the hole, the

hole would not be the cause of the injury and the verdict should be for the defendant. That is self-evident. [11]

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Errors assigned* among others were (2–11, 13) above instructions, quoting them.

*W. D. Weaver* and *A. C. Reinœhl*, for appellant.—If the plaintiff's negligence contributed in any degree, however slight, to the injury, he cannot recover: Long v. Twp. of Milford, 137 Pa. 122; Walters v. Wayne Twp., 16 Pa. C. C. 613; Chartiers Twp. v. Phillips, 122 Pa. 601; Worrilow v. Upper Chichester Twp., 149 Pa. 40; Mueller v. Ross Twp., 152 Pa. 399.

We believe that the evidence abundantly shows that the defendant was not negligent: Herr v. Lebanon, 149 Pa. 222, Winner v. Twp., 158 Pa. 405; Brendlinger v. Twp., 148 Pa. 93; Trexler v. Twp., 168 Pa. 218.

*J. Hay Brown*, with him *W. U. Hensel*, for appellee.—It is not necessary for the plaintiff in his evidence to prove that he himself was not guilty of any negligence that contributed to the result: Bradwell v. R. W. Co., 139 Pa. 404; Baker v. Gas Co., 157 Pa. 593; Erie v. Schwingle, 22 Pa. 384; Cleveland, etc., R. R. v. Rowan, 66 Pa. 399; Township of Kingston v. Gibbons, 1 Pa. Superior Ct. Digest, 222; Penna. Canal Co. v. Bentley, 66 Pa. 30; Penna. Telephone Co. v. Varnau, 2 Monaghan, 645; Shaw v. Phila., 159 Pa. 487; Humphreys v. Armstrong Co., 56 Pa. 204; Requa v. Rochester, 45 N. Y. 129; Ploedterll v. Mayor of N. Y. 55 N. Y. 666; Ring v. City of Cohoes, 77 N. Y. 83.

Municipalities are bound to provide for such things as ordinarily exist or may be reasonably expected to occur: Dillon on Munic. Corp., sec. 1015; Eggleston v. Columbia Turnpike Road Co., 82 N. Y. 278; Brusso v. Buffalo, 90 N. Y. 679; Rehberg v. Mayor, 91 N. Y. 137; Turner v. Newburgh, 109 N. Y. 301; Glase v. Phila., 169 Pa. 488; Yoders v. Amwell Twp., 172 Pa. 447; Hogan v. West Mahanoy Twp., 174 Pa. 352; McLaughlin v. Phila. Traction Co., 175 Pa. 565.

Township supervisors are bound to provide a reasonably safe

highway for ordinary travel by the ordinary horse, and to foresee that the ordinary horse will at times take fright: Bitting v. Maxatawny Twp., 177 Pa. 213; Jones v. Penna. Canal Co., 178 Pa. 123; Smith v. Newcastle City, 178 Pa. 302; Gould v. McKenna, 86 Pa. 297; L. V. R. R. v. Greiner, 113 Pa. 600.

PER CURIAM, May 31, 1897:

A careful perusal and consideration of this record has not disclosed any error that would justify us in sustaining any of the twenty specifications; nor do we think there is anything in either of them that requires discussion. The case depended very largely on disputed questions of fact, which the jury, to whom they were adequately and correctly submitted, have by their verdict resolved in favor of the plaintiff. Presumably they were right. We cannot say they were wrong. Discussion of the questions intended to be raised by the assignments of error would consume time to no useful purpose.

Judgment affirmed.