# Siegler, Appellant, *v.* Mellinger.

*Negligence—Townships—Defective road—Contributory negligence—Presumption.*

A person who walks on the side of, and not in the middle of an unfamiliar country road on a dark night, is presumed to be negligent.

Township supervisors are under no obligation to construct a footpath along a country road, and they cannot be charged with negligence in permitting other parties to construct a cinder side path four feet wide along a country road, which for the most part is on a level with the roadway, but which at places is between five and six feet above the road. If a person walking along such path on a dark night makes a misstep and falls over into the road and is injured, he cannot recover from the township.

*Negligence—Evidence—Opinion of witnesses.*

Where there is nothing in the situation of the place of an accident, which a description will not enable the jury fully to understand, the opinions of witnesses that the place was dangerous, are not admissible.

Argued May 19, 1902. Appeal, No. 308, Jan. T., 1901, by plaintiff, from order of C. P. Lancaster Co., June T., 1900, No. 4, refusing to take off nonsuit in case of L. Frank Siegler v. Clayton Mellinger and Jacob Rudy, Supervisors of Upper Leacock Township. Before MITCHELL, DEAN, FELL, BROWN and POTTER. JJ. Affirmed.

Trespass to recover damages for personal injuries. Before LANDIS, J.

At the trial, it appeared that on the night of December 26, 1899, plaintiff, while walking along a cinder path on the side

of a country road, fell over the side of the path at a point
where it was five or six feet above the level of the road, and
was injured. The traveled portion of the road was about
thirty feet wide, and was level and safe. The cinder path was
for the most part on a level with the roadway, but at places it
was above it. The path had not been constructed by the
supervisors, bu t by other parties.

When W. D. Andes was on the stand, he was asked this
question :

" Q. The witness having testified to his familiarity with the
place of the accident, plaintiff proposes to ask him whether or
not it is a dangerous place."

Objected to by the defendants.

Disallowed. Plaintiff excepts. Bill of exceptions signed,
sealed and filed for the plaintiff. [1]

Plaintiff offered to prove by Mary Weidler, who had testi-
fied to her knowledge of the road, that the place of the acci-
dent is dangerous, and that she herself fell down the bank at
the same point about three weeks after the accident in
suit. Objected to by the defendants. Disallowed. Plaintiff
excepts. Bill of exceptions signed, sealed and filed for the
plaintiff. [2]

The court entered a compulsory nonsuit which it subse-
quently refused to take off.

*Errors assigned* were (1, 2) rulings on evidence, quoting the
bill of exceptions ; (3) refusal to take off nonsuit.

*W. U. Hensel,* and *B. F. Davis,* for appellant.—It is the duty
of road supervisors to keep the public roads in proper repair
and condition so as to make it safe to travel upon them, not
only in the daytime but also at night : Glaub v. Goshen Twp.,
7 Kulp, 292 ; Erie City v. Schwingle, 22 Pa. 388.

Every highway or thoroughfare which the public has a right
to use must be kept by somebody in such order that it can be
safely used and if any serious injury happens to an individual
in consequence of its bad condition, those who are bound to re-
pair it must answer in damages : Chartiers Twp. v. Langdon,
114 Pa. 545 ; Born v. A. & P. Plank Road Co., 101 Pa. 334 ;
Burrell Twp. v. Uncapher, 117 Pa. 363 ; Glase v. Phila., 169
Pa. 488 ; Yoders v. Amwell Twp., 172 Pa. 447.

A pedestrian has the right to walk in the roadway, if he prefers it. Lord DENMAN says, " a man has a right to walk in the road if he pleases. It is a way for foot passengers, as well as for carriages," but his lordship, however, wisely adds, " but he had better not, especially at night when carriages are passing along : " Millcreek Twp. v. Perry, 20 W. N. C. 359.

It is utterly impossible to reconcile the opinion of the court in this case, refusing to take off the nonsuit, with the opinion of the Supreme Court in Butcher v. Philadelphia, 202 Pa. 1.

To the same effect are : Stokes v. Ralpho Township, 187 Pa. 333 ; Mellor v. Bridgeport, 191 Pa. 562 ; Rick v. Wilkes-Barre, 9 Pa. Superior Ct. 399.

*M. G. Schaeffer* and *Coyle & Keller*, for appellees.—Where the circumstances can be fully and adequately described to the jury, and are such that their bearing on the issue can be estimated by all men, without special knowledge or training, opinions of witnesses, expert or others, are not admissible : Auberle v. McKeesport, 179 Pa. 321 ; Graham v. Penna. Co., 139 Pa. 149 ; Woeckner v. Erie Electric Motor Co., 187 Pa. 206 ; Beardslee v. Columbia Township, 188 Pa. 496.

The plaintiff was guilty of contributory negligence : Mareau v. N. Y., etc., R. R. Co., 167 Pa. 220 ; Monongahela City v. Fischer, 111 Pa. 9 ; Crescent Twp. v. Anderson, 114 Pa. 643 ; Auberle v. McKeesport, 179 Pa. 321; Bailey v. Brown Twp., 190 Pa. 530 ; Hiester v. Fawn Twp., 189 Pa. 253 ; Erie City v. Magill, 101 Pa. 616 ; Butler v. Gettysburg, etc., R. R. Co., 126 Pa. 160 ; Lynch v. Erie, 151 Pa. 380 ; Eby v. Shenk, 11 Lanc. Law Rev. 337 ; Boss v. Litton, 5 Carr. & P. 407 ; Stokes v. Ralpho Twp., 187 Pa. 333; Mellor v. Bridgeport, 191 Pa. 562 ; Butcher v. Philadelphia, 202 Pa. 1.

The plaintiff failed to show negligence on the part of the defendant: Ralpho Twp. v. Moore, 68 Pa. 404 ; Worrilow v. Upper Chichester Township, 149 Pa. 40 ; Jackson Township v. Wagner, 127 Pa. 184; Kieffer v. Hummelstown Borough, 151 Pa. 304.

OPINION BY MR. JUSTICE MITCHELL, June 4, 1902 :

A man desiring or being compelled to travel an unknown road on a dark night must always be in some uncertainty, if

not peril. The middle of the road is usually the freest from obstructions and in the best condition for travel, and, therefore, is prima facie the proper and safest place to go, notwithstanding its special disadvantages in the risk of collision with vehicles having also a right of way. On the other hand, a side path perhaps offers smoother and more comfortable walking, but is liable to its own special dangers such as produced the accident in this case. Plaintiff testified that the cinder side path at the point where he turned on to it and along most of the distance was level, or nearly so, with the rest of the roadway. In cities or municipalities where there is a well-defined sidewalk, and on country roads in daylight, the side is usually the proper place for foot passengers, and circumstances might be shown as to the condition of the side path and of the general roadway that would make a question for the jury whether a traveler, even in the dark, might not be justified in following the former instead of the latter, but the presumption is that it is negligence to do so on a dark night on a country road. The circumstances testified to in the present case were not sufficient to overcome this presumption.

There was no evidence to warrant a jury in finding the defendants guilty of negligence. They were under no obligation to construct a footpath, and the one they permitted to be constructed and used there, was not intrinsically dangerous. So far as shown it was a smooth cinder path about four feet wide, running at the side and for the most part on a level with the roadway. At the point where this unfortunate accident occurred, the path was between five and six feet above the road, and a man walking in the dark might, as in this case, make a misstep. But that did not make the place intrinsically dangerous for ordinary travel, which is the measure of defendant's duty in regard to it.

The opinions of witnesses that the place was dangerous were properly excluded. There was nothing in the situation which a brief description would not enable the jury fully to understand. In such cases opinions of witnesses are not admissible : Graham v. Penna. Co., 139 Pa. 149.

Judgment affirmed.