# Martin et ux. *v.* Borough of Starrucco, Appellant.

*Negligence—Municipalities — Defective culvert — Contributory negligence.*

In an action by a pedestrian against a borough to recover for personal injuries sustained in a fall occasioned by a defective culvert, the question of the defendant's negligence and the plaintiff's contributory negligence is for the jury, where the evidence shows that at the time of the accident the plaintiff was walking along a public road in the borough when there was deep snow upon the ground and that, while crossing a point where the road passed over a stone culvert through which water flowed, she stepped from the beaten track to avoid an approaching sleigh and her foot went through a hole between two of the stones which constituted the top of the culvert and was severely injured.

80    MARTIN *v.* STARRUCCO BOROUGH, Appellant.

Argued March 5, 1918.   Appeal, No. 17, March T., 1918, by defendant, from judgment of C. P. Wayne County, March T., 1915, No. 198, on verdict for plaintiff in case of Charles Martin and Ida Martin v. Borough of Starrucco.   Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ.   Affirmed.

Trespass for personal injuries.   Before SEARLE, P. J.
The facts appear in the opinion of the Superior Court.
Verdict for plaintiffs for Charles Martin for $96 and for Ida Martin for $879, and judgment thereon.   Defendant appealed.

*Errors assigned* were various answers to points and rulings on evidence and for refusing defendant's motion to enter judgment n. o. v.

*William A. Skinner*, and with him *Mumford & Mumford*, for appellant.—The borough was not responsible for defects beyond the limits of the used portion of the road: Monongahela City v. Fischer, 111 Pa. 9; Brophy v. Cleveland Twp., 236 Pa. 426; Chambers v. Braddock Borough, 34 Pa. Superior Ct. 407; Gerber v. Philadelphia, 60 Pa. Superior Ct. 124; Wall v. Pittsburgh, 205 Pa. 51; Klien v. Philadelphia, 62 Pa. Superior Ct. 121; Kennedy v. Williamsport, 11 Pa. Superior Ct. 96; Commonwealth v. Shoemaker, 14 Pa. Superior Ct. 205.
The plaintiff was guilty of contributory negligence: Wall v. Pittsburgh, 205 Pa. 48; Seigler v. Mellinger, 203 Pa. 258.

*John Ferguson*, and with him *Charles P. Searle*, for appellees.

OPINION BY PORTER, J., February 28, 1919:
The plaintiffs bring this action to recover for injuries sustained by the wife, alleged to have resulted from the negligence of the defendant borough.   Mrs. Martin and

a neighbor woman were, between seven and eight o'clock on the evening of February 3, 1915, walking along a public road in the borough, there was deep snow upon the ground; when they reached a point where the road passed over a stone culvert or covered sluice, through which water flowed from one side of the road to the other, they observed an approaching sleigh and, in order to let the sleigh pass, stepped from the track which had been beaten through the snow and Mrs. Martin's foot went down through a hole between two of the stones which constituted the top of the culvert and she was severely injured. The plaintiffs recovered a verdict in the court below and the defendant appeals.

The principal contention of the defendant, is that, by reason of the character of the road, the absence of sidewalks or paths, there was no duty resting upon the borough to maintain this road outside of the traveled portion in a smooth, safe and convenient condition for pedestrians traveling in the night time without a light. With regard to this point it may be conceded that the rule which requires municipalities to maintain the highways in the built-up portions of a town or city in smooth and safe conditions, throughout their entire width, does not apply to country roads. With regard to the latter it is sufficient if so much of the authorized width of the road as may be necessary to meet the requirements of the travel thereon be kept in smooth condition, and safe and convenient for travel: Monongahela City v. Fischer, 111 Pa. 9; Siegler v. Mellinger, 203 Pa. 256; Brophy v. Cleveland Township, 236 Pa. 426. The general practice is, with regard to such roads, to construct a road, within the lines authorized, of such width as in the discretion of the public authorities will meet the requirements of the public, and outside of that width the ground is not kept open and in good repair for the full authorized width. There is, however, a distinction between the road as constructed by the public authorities and which the public is invited to use and that mere track within the

road so constructed which at some particular time cir-. cumstances may induce the public to use and which may shift from time to time from the middle to one side or the other of the road as constructed. Deep snow upon the road may induce the public to use a very narrow track and when it is muddy they may avoid the soft spots. These circumstances, however, do not excuse the . public authorities from permitting pitfalls to remain in any part of the road which they have constructed. The road with which we are now dealing was thirty-three feet wide. The authorities of the borough did not deem it necessary to maintain that road in a smooth condition throughout its entire width, but they did construct this culvert of a length of seventeen feet for the purpose of conducting the water from one side of the road to the other. This culvert was the work of the borough. It was an essential part of the road, for the purpose of carrying travel over the ditch. It may be that it was not necessary to construct a culvert, that the water could as well have been permitted to flow through an open depression in the road, but those in authority had adopted the plan of carrying the road over the top of the culvert, and having done so it was their duty to see that the top of the culvert was kept in proper repair: Platz v. McKean Township, 178 Pa. 601; Heisey v. Rapho Township, 181 Pa. 561.. Mrs. Martin did not step off nor fall from the end of the culvert, her foot. went through a hole in the top of the structure, which constituted a part of the roadbed. The evidence would have warranted a finding that this hole was four inches wide and two feet long and that it had been there for months, that when two vehicles were passing on the culvert in the preceding summer the wheel of one of them dropped into this hole. The question of the negligence of the borough authorities was in this case one for the jury.

The contributory negligence of the plaintiff was also for the jury. The evidence indicated that. the beaten track through the snow upon the culvert was not wide

and the court could not declare as matter of law that it was, in the circumstances, negligence for the ladies to step out of the beaten track when they saw an approaching sleigh. Nor could the court declare that the failure of the ladies to carry a light was negligence which contributed to the injury. There was a heavy snow upon the ground and it is a matter of common knowledge that under such conditions it is not very dark, and the evidence in this case indicates that the ladies saw the sleigh when it was about one hundred and forty feet distant. The snow was deep and the hole in the culvert may have been covered by it, so that it could not be confidently asserted that the ladies could have seen the hole even if they had carried a lantern. The questions of the negligence of the defendant and the contributory negligence of the plaintiff were left to the jury with instructions of which the defendant has no just ground of complaint and the verdict was warranted by the evidence.

The judgment is affirmed.