## Shaw *v.* Plains Township, Appellant (No. 1).

*Negligence—Townships—First-class townships—Sidewalks—Accumulation of snow and ice—Roads in sparsely populated districts—Act of April 28, 1899, P. L. 104.*

1. A township is not compelled to maintain or keep in repair a sidewalk constructed under an act of assembly unless the duty is imposed.

2. Township supervisors or commissioners are under no obligation to construct a footpath along every county road; nor, if such

paths are constructed along county roads by abutting owners, are the supervisors and commissioners under any duty to keep them in repair or free from ice and snow.

3. A township of the first class is not liable for an injury occasioned through the fall of a pedestrian on a dirt sidewalk covered with snow, where it appears that the sidewalk was in a sparsely inhabited district along an unimproved road, and that the township had assumed no control of it, under the Act of April 28, 1899, P. L. 104.

4. It seems that even if such sidewalk had been built of wood, brick or other solid material, the township would have been under no duty to keep it free from ice and snow.

Argued April 10, 1922. Appeals, Nos. 61 and 62, Jan. T., 1922, by defendant, from judgment of C. P. Luzerne Co., March T., 1918, No. 328, on verdict for plaintiff, Ethel Shaw, in case of Ethel Shaw, by her father and next friend, Martin Shaw, and Martin Shaw, in his own right, v. Plains Township. Before MOSCHZISKER, C. J., FRAZER, SIMPSON, KEPHART and SCHAFFER, JJ. Reversed.

Trespass for personal injuries. Before GARMAN, J.

The opinion of the Supreme Court states the facts.

Verdict and judgment for plaintiff, Ethel Shaw, for $2,250, and for Martin Shaw, $969. Defendant appealed.

*Error assigned,* inter alia, was refusal of motion for judgment for defendant n. o. v., quoting record.

*Frank L. Pinola,* for appellant.—A township of the first class is not liable for injuries sustained upon a sidewalk constructed by the owner of the abutting property: Dempster v. Traction Co., 205 Pa. 70; Haverford Twp. v. Wilfong, 60 Pa. Superior Ct. 2; Trevorton Water S. Co. v. Twp., 259 Pa. 31; Herrington's Petition, 266 Pa. 88; Ziegler v. Mellinger, 203 Pa. 256.

*S. M. R. O'Hara,* for appellee.—The township was liable: Millikin v. Twp., 67 Pa. Superior Ct. 326; Devlin

v. Twp., 260 Pa. 179; McCormick v. Allegheny Co., 263 Pa. 146; Clark v. Allegheny Co., 260 Pa. 199.

Townships of the first class may accept footways already· laid: Acts of April 28, 1899, P. L. 104, section 7; April 22, 1905, P. L. 283, and June 25, 1913, P. L. 561.

OPINION BY MR. JUSTICE KEPHART, June 24, 1922:

Plaintiff, Ethel Shaw, slipped and fell on ice which had accumulated on a dirt sidewalk constructed by an abutting property owner on Courtright Street in Plains Township, Luzerne County. A judgment was entered on a verdict for plaintiff in the court below in the action brought against the township for the injuries sustained. The question for our consideration is whether a township of the first class is liable for an injury occasioned through a fall on a sidewalk on which snow and ice had been permitted to accumulate, the cartway being impassable for pedestrians.

It will not be necessary to review the governing acts of assembly in relation to this class of townships. They were created through the Act of April 28, 1899, P. L. 104, and, by section 7, it became the duty of the commissioners to cause all public highways in use as such to be effectually opened, constantly kept in repair at all seasons, and clear of all impediments to easy and convenient passing and traveling. This duty is somewhat similar to the obligations resting on township authorities of the second class, and it is likewise the rule governing boroughs and cities when the highways go through thinly settled parts thereof. Such highways are not required to be kept in as smooth and convenient condition for travel as is necessary in localities where there is much travel and a thickly settled population: Monongahela City v. Fischer, 111 Pa. 9, 13; Wall v. Pittsburgh, 205 Pa. 48, 51; Emery v. Phila., 208 Pa. 492, 498; Gerber v. Phila., 60 Pa. Superior Ct. 119, 124; Martin v. Boro. of Starrucco, 71 Pa. Superior Ct. 79, 81.

A township is not compelled to maintain or keep in repair a sidewalk constructed under an act of assembly unless the duty is imposed. This duty is not imposed by the general provision of. the Act of 1836, relating to roads and highways being kept clear of impediments: Chartiers Twp. v. Langdon, 114 Pa. 541, 545. The duty is statutory, and, to hold them liable, we must find legislation compelling repair and maintenance: Rapho, etc., Twps. v. Moore, 68 Pa. 404, 406. This has been held with respect to counties in county road cases. "In this State, the duty to repair is statutory, and therefore we must look to the statute for its nature and extent": Clark v. Allegheny County, 260 Pa. 199, 202. But, where a prior statutory mandate imposes on a township the duty to repair a road which is subsequently taken over by the county, the liability is continued to the county for injuries occasioned by breach of the duty to repair: Clark v. Allegheny County, supra, p. 204.

The authorities in a township of the first class may decide what highways shall have sidewalks, and, when such highways are built, the township will be liable for injuries occasioned through neglect to repair only so far as the statute requires repairs to be made. This applies to highways existing at the time the township is created one of the first class. Such township is not compelled to repair all walks built under ordinance or adopted. The legislature did not intend, in speaking of sidewalks, that all paths along the miles and miles of highways were to be kept in repair by the supervisors or commissioners. Every path along a highway in these rural districts cannot be considered a sidewalk. To impose the duty of repair and maintenance there must be a change from an ordinary dirt road to an improved way, not necessarily coming within what we have frequently defined as improved highway, but it should show a higher standard of construction than that of an ordinary dirt, gravel or cinder path. Many sidewalks exist along roads immediately adjoining cities and towns, in front

of farms or country homes, with large grounds surrounding, which were constructed simply to make the ground even or level in front of the properties. These can hardly be termed sidewalks in the sense in which that term is used in the act, even if a wooden or stone curb is employed to keep the path from falling away.

At the time defendant was thus created, this highway, known as Courtright Street, was in use; there was a dirt walk along the side; it was not such a sidewalk as the legislature had in view when imposing duties in relation thereto on townships as to the care and maintenance of sidewalks, nor was it substantially within the terms of the act; the township was not compelled to keep the way in a fairly smooth and safe condition. Township supervisors or commissioners are under no obligation to construct footpaths; nor can they be charged with negligence in permitting other parties to construct such sidepaths: Siegler v. Mellinger, 203 Pa. 256, 259. To further impose liability on the township for failure to keep such walks clear of ice and snow would be out of all reason, even though the walks were built of wood, brick or other solid material; the rules of law governing cities as to snow and ice on the streets do not apply to townships. Liability can be fixed only by pointing to some act of assembly, or some duty at common law resting on them, which has been violated. This has not been done here; a dirt sidewalk is not such as the legislature intended should be repaired under penalty of damages for injuries from neglect.

We must not confuse the duty here outlined with accidents occurring on a slippery highway from the absence of guard rails or similar conditions (Winegardner v. Springfield Twp., 258 Pa. 496), or other cognate liabilities heretofore determined by the courts.

As to the care of township roads, generally, we will repeat what this court once said: "Conceding that the road was bad, almost impassable, the fact must not be overlooked that it was a country road, and that its con-

dition was the result of the weather. In this respect it was not unlike almost every other road in the rural districts after a frost and constant rains. It would be laying too heavy a burden upon townships to hold them responsible for the swampy and miry conditions of the roads at such times, owing principally t͟ the character of the soil. If its condition is the result of the weather, and the nature of the soil, and not to the neglect of the township in keeping it in repair, we see no reason why the township should be held responsible for an accident, such as we have in this case": Brendlinger v. New Hanover Twp., 148 Pa. 93, 95, 96. This rule applies to the entire width of the highway, except where there is an act recognizing a different sort of way along the side. As to this latter, to create an additional burden on the township (care of sidewalks), the duty must be pointed out and the sidewalk must be one within contemplation of the law.

Judgment reversed, with direction to enter it n. o. v. for defendant.