# Morrow *v.* North Sewickley Township, Appellant.

*Negligence—Negligence of township—Highways—Contributory negligence—Question for jury—Judgment n. o. v.*

In an action against a township to recover damages for personal

injuries, sustained in falling into a ditch across a township road, it appeared that a culvert 12 feet in width had been erected to carry a 17 foot country road over a small stream, leaving the water course on either side of the culvert open and unprotected. It further appeared that the plaintiff, while walking along a cinder path on the side of the road stepped into the stream and was injured. There was evidence to show that a park association had scattered cinder and ashes on the roadway for the purpose of making it more passable and that in some places the width had been covered with cinders up to possibly six feet, and that this improved roadway was used by pedestrians and by vehicles. There was also testimony which established that the portion covered by cinders was used generally by the traveling public, but was not a separate or distinct sidewalk. There was also evidence that the part of the road on which the plaintiff was walking was commonly used by the public and led directly into the ditch. The night was dark as the lights along the road had been turned off.

Under such circumstances the case was for the jury and a verdict for the plaintiff will be sustained.

Argued April 21, 1925. Appeal No. 206, April T., 1925, by defendant from judgment of C. P. Beaver County, December T., 1922, No. 67, in the case of Ella Morrow v. Township of North Sewickley. Before HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before READER, J.

The facts are stated in the opinion of the Superior Court.

Case was twice tried. A compulsory nonsuit was granted and later taken off at the first trial. At the second trial a verdict for $2,000.00 was rendered in favor of the plaintiff and judgment was entered thereon. Defendant appealed.

Errors assigned were answer to points and refusal of defendant's motion for judgment non obstante veredicto.

Harold F. Reed, and with him Frank H. Laird, for appellant.

R. S. Holt, of Holt, Holt & Richardson, and with him Abraham Herman, for appellee.—The case was for the

jury: Hogan v. The Township of West Mahanoy, 174 Pa. 352; Corubalis v. Newberry Township, 132 Pa. 9; Heisey v. Rapho Township, 181 Pa. 561; Martin v. Starrucco Borough, 71 Pa. Superior Court 79; Clark v. Allegheny County, 260 Pa. 199.

OPINION BY TREXLER, J., July 9, 1925:

This is a suit in trespass for injuries alleged to have been sustained by the plaintiff by reason of the negligence of the township in allowing a large opening to remain in a culvert crossing a public highway. The defendant moved for binding instructions. A recital of the facts as presented by the plaintiff will show that the trial judge could not properly, as a matter of law, decide that the defendant was not guilty or that the plaintiff was guilty of contributory negligence.

The plaintiff left a trolley station and proceeded to what is known as Rustic Park in North Sewickley Township over one of the roads of said township. She returned from the park 11:30 at night and while traveling along the road leading from the park to the street railway station fell into an open space and received the injuries complained of. The place where she fell was at a culvert which crossed the street and was designed to carry the water of a rivulet. There had been an open passage for the water for some time but the township authorities had determined to put in a pipe. There is testimony, on plaintiff's side, to the effect that at the side of the street where the woman was walking the culvert originally extended to the fence line of the property abutting on the road at that place and that after the pipe was put in there was a space estimated by the witnesses as running from a couple feet to seven feet which was left open and in this the plaintiff fell. The park authorities had for the convenience of their patrons put cinders or ashes on the

road. The township contends that this was a construction of a sidewalk for which the township was not responsible, but on the other hand, there is evidence that the park association had scattered cinders and ashes on the roadway for the purpose of making it more passable and that at some places the width had been covered with cinders up to possibly six feet and that this part thus cindered was not only used by pedestrians but also by vehicles. There was also testimony which showed that this portion covered by cinders was used generally by the traveling public and was not a separate distinct sidewalk. This was contradicted by some of the defendant's witnesses who testified that the sidewalk was outside of the limits of the traveled road.

When the plaintiff left the park to go to the street railway station, the night was dark and the lights had been turned off. It had rained during the day and the road except where the cinders had been scattered was muddy. There was evidence that the part of the road upon which the plaintiff was walking was commonly used by the public and that it led directly into the ditch. We must assume that the jury found that this accident occurred in the public road; that it occurred in the traveled part of the highway, for the court instructed the jury that if plaintiff was traveling upon the sidewalk and not upon the general part of the highway there could be no recovery; that the traveled part of the highway extended beyond the planking that covered the rivulet or water course; that heretofore the planking had extended across the road on the side on which the plaintiff traveled up to practically the fence line and that it thus formed a continuous part of the traveled highway and that in the placing of the pipe for the conveyance of the water, the township authorities had receded and had left a space from two to seven feet open. Under these circumstances the court

had no other way than to submit the question of the township's negligence and the plaintiff's contributory negligence to the jury. The plaintiff had a right to walk on the public road, on the beaten path generally traveled by the public. The township authorities even if the beaten path had been shifted by the putting of cinders in the road, could not claim that because this was the act of a private person or corporation that they were not bound to know where the traveled portion of the road was. It is known to every one that on the ordinary dirt road the beaten path is not consistently maintained in the middle of the road but for various physical reasons it some times diverges markedly to one side or the other. No one would hold that a pedestrian or a vehicle would be compelled to go over the rough because that happened to be the center of the road. Appellant claims that there was no duty on the part of the township to maintain a sidewalk. This is correct. Such duty can only be imposed by statute, Shaw v. Plains Township, 275 Pa. 289, and the court was careful to instruct the jury to that effect, but there was testimony in the case that would warrant a finding that plaintiff was walking on the traveled portion of the public road used both by vehicular and foot passengers. Appellant further contends that it was the duty of this woman to stick to the middle of the road citing Siegler v. Mellinger, 203 Pa. 256, as the authority for this. It was there held that the middle of the road is prima facie the proper and safest place to go for one traveling an unknown road on a dark night. The plaintiff in that case, however, was injured by stepping off of the sidewalk, not constructed by the township, at a point where it was five or six feet above the road so that the assertion of the middle part of the road as the safest place was not necessary for the decision of the question and the expression that the middle of the road is prima facie the safest is qualified by the statement "circumstances might be

shown as to the condition of the side-walk and the general roadway that would make a question for the jury whether a traveler, even in the dark, might not even be justified in following the former instead of the latter, but the presumption is that it is negligence to do so on a dark night on a country road.'' In the case before us the road was muddy and we do not think that Siegler v. Mellinger, supra, was ever intended to support the position that a pedestrian traveling on a muddy country road at night must perforce hold to the middle of the road, although there may be another portion of the travelled road in better condition for passage. The better reason in support of the nonliability of townships for injuries to pedestrians on sidewalk is found in the fact that there being no duty to maintain there can be no liability for failure so to do. See Shaw v. Plains Township, supra. We think the matters involved in this case were for the jury.

The judgment is affirmed.