Brunacci et al., Appellants, *v*. Plains Township.

Argued April 9, 1934.   Before FRAZER, C. J., SIMP-
SON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Edwin Shortz, Jr.,* with him *William S. McLean, 3d,*
for appellants.

*Andrew J. Zawoiski,* for appellee.

OPINION BY MR. JUSTICE KEPHART, May 21, 1934:

Bridget Brunacci was injured by falling into a deep,
open surface water drain located a few feet from the
edge of the paved cartway of a state highway, but within
the lines of the highway.   There was a sidewalk between
the property line and a concrete gutter which was con-
nected with the paved cartway, and this deep drain, used
to convey water under the highway, formed a break in
the sidewalk.   It was without protection.   The woman
was compelled to use this side of the street because of
the heavy traffic on the highway and because there was
no sidewalk on the other side of the highway, it being
occupied by a trolley road.   In her suit against the town-
ship she was denied recovery in the court below.   The

question involved is not that of negligence for maintaining the dangerous condition of the drain by reason of its location, but whether the township was liable for an injury occurring on a road taken over by the State under the Sproul Act of May 31, 1911, P. L. 468.

Plains Township is a township of the first class and may become liable for injuries occurring because of the defective condition of a sidewalk, but ordinarily there is no duty on the part of a township to maintain a sidewalk along a state highway. Such duty may be imposed by statute: Shaw v. Plains Twp., 275 Pa. 289; Morrow v. Sewickley Twp., 86 Pa. Superior Ct. 55. To hold it liable in either case there must be legislation compelling repair and maintenance. The various statutes covering townships of the first class may permit an ordinance providing for sidewalks. Plains Township did not have such an ordinance compelling or providing for the construction of a sidewalk either by property owners or by the authorities. Notwithstanding this, appellant claims the township was under a duty to maintain the state highway in a proper condition for travel, particularly the part along the highway which pedestrians are liable to use as part of the traveled way. To impose such liability on a township, we must inquire who really had the legal occupancy of and jurisdiction over the road, and then find a statute imposing liability.

It was early decided in this State that the liability of a municipality for failure to maintain and repair roads and streets is purely a matter of legislative intention and springs from the various powers and duties of the municipal officers on the theory of "principal and agent" or "master and servant." "The road is their road, the expense of making and repairing it is thrown upon them [the township], not......in their collective capacity ......but by means of the supervisors who are their chief executive officers": Dean v. New Milford Twp., 5 W. & S. 545.

Originally, the road in question was a township road. It was later improved as a county road, being a main highway between Wilkes-Barre and Scranton. When this was done, the township no longer became responsible for the construction, maintenance and repair of the road, as it was taken over for its entire width by the county. It remained within the county's jurisdiction until the Sproul Act was passed, and it is now a state highway, being Route No. 5. There is no question but what the township would be liable for an injury occurring through the negligent condition of the highway when the road was under township control, but, when complete jurisdiction, control and authority over the road was taken by the county under legislative enactment, thereafter the liability was placed on the county, whose duty it was to construct, maintain and repair: Act of 1911, P. L. 244, section 1; Clark v. Allegheny Co., 260 Pa. 199. When the State took over the highways under the Sproul Act, it provided that they should be constructed, improved and maintained by the state highway department,* at the sole expense of the Common-

---

* The Sproul Act of May 31, 1911, P. L. 468, provides in the first clause of section 5 as follows: "The highways designated in this act as State Highways shall be taken over by the State Highway Department from the several counties or townships of the State, and when so taken over shall thereafter be constructed, improved, and maintained by the State Highway Department at the expense of the Commonwealth." Section 6 provides: "......all those roads, etc.,......subject to the provisions hereinafter made...... shall be known, marked, built, rebuilt, constructed, repaired, and maintained by and at the sole expense of the Commonwealth; and shall be under the exclusive authority and jurisdiction of the State Highway Department, and shall constitute a system of State Highways......" Section 20 provides: "For the purpose of uniform, efficient, and economic maintenance and repair of the State Highways, herein described and defined, the said State Highway Commissioner shall purchase all necessary material, and shall appoint and employ all necessary labor or repairmen, who shall at all times in the year keep the State Highway free from holes, ruts, sticks, loose stones, or other impediments of any kind, which tend to inter-

wealth, and that they were to be under the exclusive jurisdiction of the state highway department. The effect of such comprehensive language was unquestionably to relieve the county, which had theretofore relieved the township of all liability for damages for an injury.

The Township Act of 1917, P. L. 840, section 660, as amended by the Act of 1927, P. L. 493, section 1 (b), and repeated in the Act of June 24, 1931, P. L. 1206, section 2013, is not in conflict with this rule when it provides that "All public roads or highways shall at all seasons be kept clear of all impediments to easy and convenient traveling, at the expense of the township," since it applies to township roads which are under the supervision of the township and not to those taken over by the State pursuant to the Sproul Act. There is no connection between the acts; each treats of a different matter.

Appellants cite the cases of Winegardner v. Springfield Twp., 258 Pa. 496, and Plymouth Twp. v. Graver, 125 Pa. 24, concerning the liability of townships for injuries occurring on township highways, but they contain nothing which has to do with the liability of a township for injuries occurring as the result of the defective maintenance of state highways in the township. McCracken v. Curwensville Boro., 309 Pa. 98, applies to state highways within a borough. The Sproul Act did not *take over* roads or streets in cities, boroughs or incorporated towns; townships are not mentioned.

Our conclusion is that there was no duty upon the township to keep the traveled way or the land contiguous thereto in a condition safe for easy passage by the public.

Judgment affirmed.

---

fere with free and easy travel, or which if permitted to exist might tend to the deterioration, injury, or destruction of the highway."