# Township of North Middleton ex rel. *v.* Weary.

*Public roads—County roads—Adoption of road by county—Liability of township for repair—Act of May 11, 1911, P. L. 244.*

A public highway becomes a county road from the date of the final decree of the court directing the county to enter upon, take over, and repair the same, under the provisions of the Act of May 11, 1911, P. L. 244. Thereafter the duty of maintaining and repairing it devolves upon the county commissioners and no longer rests on the township supervisors.

The Act of May 16, 1921, P. L. 638, is only declaratory of the true intent and meaning of the Act of May 11, 1911, and does not operate to change the existing law.

On a suit for penalty against the township supervisors for violation of duty under section 236 of the Act of July 14, 1917, P. L. 866, a judgment against the defendant will be reversed, where it appeared that the road complained against was a county road, no longer under the jurisdiction of the supervisors.

Argued March 13, 1922. Appeal, No. 2, March T., 1922, by defendant, from judgment of C. P. Cumberland Co., Dec. T., 1920, No. 110, on verdict for plaintiff in the case of Township of North Middleton ex rel. James Machlin v. Wilson P. Weary. Before ORLADY, P. J., PORTER, HENDERSON, KELLER and LINN, JJ. Reversed.

Action for a penalty for violation of duty as a supervisor of roads, acting as a roadmaster under section 236 of Act of July 14, 1917, P. L. 866. Before MAUST, P. J.

The facts are stated in the opinion of the Superior Court.

The court directed a verdict against the defendant in the sum of $1 and judgment was entered thereon. Defendant appealed.

*Error assigned,* among others, was the judgment of the court.

*J. W. Wetzel,* for appellant.

*E. M. Biddle, Jr.,* for appellee.

OPINION BY KELLER, J., April 17, 1922:

The appellant is one of the supervisors of North Middleton Township, Cumberland County. He was proceeded against before a justice of the peace under the provisions of sections 236 and 240 of the Township Code (Act of July 14, 1917, P. L. 840), for failure to keep a public highway within said township in repair and free of obstructions. He defended on the ground that the highway was a county road, the care and maintenance of which rested upon the county commissioners. Judgment was entered against him for a penalty of one dollar. On appeal to the court of common pleas, the trial judge directed a verdict for the plaintiff, reserving the question of law whether under the evidence and the proceedings in the court of quarter sessions hereinafter referred to, the road in question had been taken over by the county commissioners as a county road. Judgment was subsequently directed to be entered on the verdict and defendant appealed. The case depends upon the construction to be given the Act of May 11, 1911, P. L. 244, as amended by the Act of July 12, 1919, P. L. 918, pro-

viding for the construction or improvement of certain highways as county roads.

Under its provisions the county commissioners on December 20, 1919, passed a formal resolution "to take exclusive control of and improve" the road in question and in pursuance thereof prepared surveys and plans relative to said improvement and presented a petition to the court of quarter sessions praying for authority to make such improvement. This application was in due course approved by the grand jury, and on March 17, 1920, after hearing, was approved by the court, and the County of Cumberland was directed to enter upon, take over and improve the said highway and to let a contract, etc., and it was further ordered that "the said road so taken over ......shall become a county road, to be constructed, improved and maintained as directed by the various acts of assembly regulating the rights and duties of counties in such cases." On April 10, following, the commissioners petitioned the State Highway Department to improve the road out of "state-aid" road funds and agreed to pay one-half of the total expense of such improvement. All of this occurred before any proceedings were instituted against the defendant. If its effect was to make the road a county road from the date of the entry of the final decree the judgment must be reversed.

The purpose of the Act of May 11, 1911, was to provide for a system of improved county roads. It was wholly voluntary and the initiative of securing them lay entirely with the county commissioners. The act contemplated (1) the original laying out, opening and construction of new roads or (2) the taking over and improvement of existing township roads. Its language is therefore somewhat obscure if it be attempted to apply it all to both classes of roads. It further contemplated the preparation of complete plans and surveys before applying for the approval thereof to the grand jury and court of quarter sessions. The commissioners should

therefore be in a position to act promptly as soon as the approval of the court was secured.

The act as amended (section 1), gives power to the several counties of the Commonwealth, whenever the commissioners shall resolve so to do and upon the approval thereof by a grand jury and by the court of quarter sessions, to make, construct and maintain public roads or highways as county roads; and to that end empowers and authorizes them (1) to originally lay out and open any public road or highway, and (2) to take possession of and exercise control over any existing township road or highway or part thereof, and to straighten, widen, extend and alter any such road or part thereof, and to vacate so much thereof as may become unnecessary and useless. It further provides that "any such road so taken over or improved under the provisions of this act shall thereupon become a county road and it shall be the duty of such county to keep and maintain such road in repair."

Section 3 establishes the manner of procedure to be followed by the county commissioners,—which was strictly pursued in this instance,—and provides that after approval of the petition by the grand jury and a hearing before the court of quarter sessions the court may, for proper cause shown, disapprove of said application; "otherwise said court shall approve said application and shall thereupon make an order authorizing such county to enter upon, take over and improve such road, and to let a contract or contracts for the construction thereof under specifications to be prepared by the proper county authorities, and thereupon any original location, opening, widening, straightening, extension, alteration or vacation of any road set forth in said proceedings shall become absolute. The words 'improved or improvement' as herein used, mean each and every power conferred upon counties under the terms of section one of this act."

The subsequent sections of the act authorize the commissioners to make agreements for the payment of damages

occasioned by such improvement, subject to the approval
of the court, and the appointment of viewers and their
procedure, where such agreement as to damages cannot
be made with the parties interested; the letting of con-
tracts by the commissioners; their maintenance and re-
pair of county roads either by contract or by the direct
use of men and materials; the levying of necessary taxes;
the borrowing of necessary funds; the improvement of
such highways traversing a borough, etc.; and then it is
provided in section 19: "All such roads and highways,
and all parts thereof, originally constructed and im-
proved in accordance with the provisions of this act,
shall be deemed, taken, and treated as, and become, pub-
lic highways of the said county, and shall be subject to
the control and supervision of the proper county com-
missioners; and it shall be the duty of said several
counties to keep, maintain and repair the same whenever
and as often as it shall be found necessary; and all road
supervisors, authorities, persons, or townships, hereto-
fore required to maintain and keep in repair such roads
or parts thereof, shall thereupon and thereafter cease to
have any management of or control over said roads or
any part thereof; and such supervisors, authorities and
townships are hereby relieved from all duty and respon-
sibility in and about the care, maintenance, and repair
of all roads improved under this act and of former acts,
and becoming county roads; and all other public roads
shall continue under the control of the proper local
authorities, and shall be opened, repaired, and main-
tained, under the laws now in force in the respective
townships of the several counties of this Common-
wealth."

There are some expressions in this section, which con-
sidered by themselves might indicate that the county's
responsibility began only after the improvement of the
road, but as defined in section 3, "improved" embraces
each and every power conferred upon counties under the
first section, and as the power to "take over" existing

roads is conferred in that section, a road "taken over" may be considered as "improved" within the meaning of section 19, otherwise there would be a conflict in terms between sections 1 and 19.

It must be admitted that the language of the act is not as clear as it might be, but we are of opinion, considering it as a whole, that its evident intent was that the road should become a county road from the date of the final decree of the court directing the county to enter upon, take over and improve the same, and that thereafter the duty of maintaining and repairing it devolved upon the county commissioners, and no longer rested on the township supervisors; and that the Act of May 16, 1921, P. L. 638, which clearly fixes the commissioners with such responsibility from the date of said decree, was, as stated in said act, only declaratory of the true intent and meaning of the Act of May 11, 1911, aforesaid, and did not operate to change the existing law.

The confusion that would result otherwise is sufficient to resolve any doubt in favor of the county's responsibility. If the county's responsibility for maintaining the road is contingent on and following the actual improvement of such road, when does it begin? When bids are invited? When the contract is let? When the work is begun? As each portion of the work is finished? When the improvement is finally completed? The act does not say. If the extreme view is taken that the highway becomes a county road and responsibility attaches only after it is improved, we have the anomaly of the supervisors being responsible for the care of a road while it is torn up and being worked on by contractors over whom they have no control. We feel rather that the fair construction of the act is that the law considers the commissioners as having taken over the road from the date when the final and absolute decree is entered directing them to do so in conformity with the prayer of their petition and that the intended improvement follows when the road is under their care and control; that the

word "thereupon" as used in the first section of the amended act, as to the time when the road becomes a county road, and in the third section, in connection with the absolute confirmation of the commissioners' action, relates ultimately to the date of the final decree of the court.

Under this view of the case we are compelled to sustain the third and fourth assignments of error. The others are without merit.

The judgment is reversed at the costs of the appellee.