## In re Taylorstown-Claysville Road.

*Approval of township road as county road—Petition to vacate—Act of May 11, 1911, as amended by the Act of May 16, 1921—Petition to vacate under the Act of May 11, 1921.*

1. A township road, approved as a county road under the Act of May 11, 1911, P. L. 244, or its amendment of May 16, 1921, P. L. 638, becomes a county road immediately upon its approval as such, from which time the county is responsible for its proper maintenance.

2. The building of public roads is governmental, in contradistinction to a mere business function, so that it may be seriously doubted whether a board of commissioners can cause to be approved as county roads a large number of roads which they do not expect to improve, thereby tying the hands of their successors, so that in effect such retiring board would still continue, after retirement, to direct and control the permanent road construction work of the county.

3. Where a board of county commissioners, under the erroneous belief that township roads approved as county roads only become such after they have been actually improved, causes to be approved as county roads a large number of township roads which, as a board, they have no intention of improving and which they do not either improve or keep in repair, upon application by a subsequent board of commissioners, under the Act of May 11, 1921, P. L. 477, showing these facts, and the additional facts that the county does not and never has maintained dirt roads, such roads will be vacated as county roads.

Proceeding to vacate county road under Act of May 11, 1921, P. L. 477. Q. S. Washington Co., No. 88, Roads.

Before Brownson, P. J., and Cummins, J.

A. M. Linn, County Solicitor, for county.

R. W. Knox, for remonstrants.

CUMMINS, J.—The section of road described in the original petition filed at above number and term was, in 1915, upon petition of the then county commissioners presented to the grand jury of this county, approved as a public highway, agreeably to the provisions of the Act of May 11, 1911, P. L. 244. Said section of road was, however, never actually improved, nor has it, since its said approval, been kept in repair by the County of Washington.

On Feb. 25, 1924, a petition was presented to this court, praying that said section of road be vacated as a county road, which proceeding to vacate was brought under the Act of May 11, 1921, P. L. 477.

A large number of similar proceedings to vacate, affecting as many different sections of county highway, were instituted at the same time. An examiner was appointed to take testimony in these cases, and they were all placed on the argument list on the evidence taken and were argued together. The basic or fundamental facts involved in all of these cases being similar, all will be disposed of in accordance with the conclusion reached in this case.

In re Taylorstown-Claysville Road.

At the time these several roads were approved by the grand jury as county roads, by reason of a ruling of this court, it was generally understood that a road so approved remained a township road until the actual work of improvement thereon had been commenced. As a result of this misunderstanding, a large number of sections of road were thus approved, under the Act of May 11, 1911, P L. 244, upon petition of former boards of commissioners, which roads were never actually improved, nor have the same been maintained by the county. The county does not have any road machinery with which to maintain dirt roads, nor any funds set aside for that purpose. The commissioners do not presently intend to permanently improve any of the sections of road for the vacation of which these proceedings have been instituted.

By the recent case of North Middleton Township ex rel. v. Weary, 78 Pa. Superior Ct. 503, it is now definitely settled that a township road approved as a county road, under the Act of May 11, 1911, P. L. 244, or its amendment of May 16, 1921, P. L. 638, becomes a county road immediately upon its approval as such, and it follows, therefore, that the county is liable for any damages which may result from failure to properly maintain such a road (Clark v. Allegheny County, 260 Pa. 199; McCormick v. Allegheny County, 263 Pa. 146), or the county commissioners may be compelled by mandamus to keep them in repair: Com. ex rel. v. Ball et al., 277 Pa. 301.

We are clearly of the opinion that to compel the county commissioners to adopt the policy of maintaining dirt roads, thereby lessening their ability to make permanent improvements, would be highly detrimental to the best interests of the general public.

There is, moreover, another vital question involved in these proceedings which, in substance at least, goes to the validity of the original decrees or orders by which these sections of road were made county roads. It is the intention of the Act of May 11, 1911, that the commissioners shall proceed promptly to make such improvements as soon as the same have been approved: North Middleton Township ex rel. v. Weary, 78 Pa. Superior Ct. 503. It was never the intention of the act that a board of commissioners should have approved as a county road a section of public highway which they had no intention of actually improving. The building of public roads is governmental, in contradistinction to a mere business function (Moore v. Luzerne County, 262 Pa. 216), and it may seriously be doubted whether a board of commissioners can cause to be approved as county roads a large number of roads which they do not expect to be improved until after their term has expired, thereby tying the hands of their successors, so that in effect such retiring board would still continue, after their retirement, to direct and control the permanent road construction work of the county: Moore v. Luzerne County, 262 Pa. 216, 220; McCormick v. Hanover Township, 246 Pa. 169. For either of the foregoing reasons, we are satisfied that the prayer of these several petitions to vacate should be allowed.

### Decree.

And now, to wit, Aug. 18, 1924, this case came on to be heard upon the evidence taken and was argued, whereupon, upon consideration thereof and for the reasons set forth in the foregoing opinion, it is ordered, adjudged and decreed that the section of road described in the original petition to improve, filed at the above number and term, be and the same is hereby vacated, agreeably to the provisions of the Act of May 11, 1921, P. L. 477.

From E. E. Crumrine, Washington, Pa.