# Clark *v.* Allegheny County, Appellant.

*Negligence—Municipalities—Counties—Roads—Repairs — Culvert—Absence of guard rail—Pedestrian—Fall—Acts of June 26, 1895, P. L. 336, and May 11, 1911, P. L. 244—Contributory negligence—Case for jury.*

1. A statutory mandate to repair a road or bridge imposes upon the municipality so charged liability for injuries occasioned by reason of its failure to repair such road or bridge.

2. The Acts of June 26, 1895, P. L. 336, and May 11, 1911, P. L. 244, relieving township authorities from all duty and responsibility in respect to the care, maintenance and repair of all roads improved under the provisions of such acts and making such roads county roads have the effect of imposing liability on the county for injuries occasioned by breach of the duty to repair.

3. Whether a county is bound to put up a guard rail at a particular point on a road under its control depends upon the circumstances of each case.

4. In an action by a pedestrian against a county to recover damages for personal injuries occasioned by stepping off a county road at a point where a small stream ran under it through a culvert, the case was for the jury and a verdict and judgment for plaintiff will be sustained, where it appears that there was no guard rail on either side of the road at such point, that the night was so dark and foggy that plaintiff could not see where he was going, that he heard a vehicle approaching and in order to avoid it took a step or two from what he supposed to be the middle of the road and fell into the stream at the side of the road.

Argued Oct. 18, 1917. Appeal, No. 91, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., July T., 1916, No. 2397, on verdict for plaintiff in case of Robert Clark v. Allegheny County. Before BROWN, C. J., POTTER, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Trespass for personal injuries. Before SHAFER, J.

The facts appear by the opinion of the Supreme Court.

Verdict for plaintiff for $2,000 and judgment thereon. Defendant appealed.

200   CLARK *v.* ALLEGHENY COUNTY, Appellant.

*Error assigned,* among others, was in refusing defendant's motion for judgment n. o. v.

*Lee C. Beatty,* with him *R. W. Martin,* for appellant.— A county is a quasi-municipal corporation and in taking over and improving township roads, it acts as a governmental agency of the State, and is not answerable for injuries, unless a statute expressly places liability upon it: Bucher v. Northumberland Co., 209 Pa. 618; Hubbard v. Crawford Co., 221 Pa. 438.

Even were the county's duty the same as that resting upon townships in respect to repair of its roads, there is no sufficient evidence of negligence: City of Scranton v. Hill, 102 Pa. 378; Heister v. Fawn Township, 189 Pa. 253; Auberle v. City of McKeesport, 179 Pa. 321; Monongahela City v. Fischer, 111 Pa. 9.

Plaintiff was guilty of contributory negligence in traveling upon the road in complete darkness: Auberle v. City of McKeesport, 179 Pa. 321.

*James G. Nevin,* with him *James M. Nevin,* for appellee.—A county is liable for negligence in the maintaining of a county bridge: Wasser v. Northampton Co., 249 Pa. 25; Gehringer v. Lehigh Co., 231 Pa. 497; McCormick v. Washington Township, 112 Pa. 185.

The failure to have a guard rail was the proximate cause of the injury: Burrell Twp. v. Uncapher, 117 Pa. 353; Bitting v. Maxatawney Twp., 177 Pa. 213; Cobb v. Bradford Co., 232 Pa. 198.

The question whether plaintiff was guilty of contributory negligence was for the jury: Cobb v. Bradford Twp., 232 Pa. 198; Ackley v. Bradford Twp., 32 Pa. Superior Ct. 487.

OPINION BY MR. CHIEF JUSTICE BROWN, January 7, 1918:

Under authority to do so, conferred upon it by the Acts of June 26, 1895, P. L. 336, and May 11, 1911, P. L.

244, the County of Allegheny took over a township road located between the townships of Forward and Elizabeth. It runs for some distance along a stream, into which a smaller one flows through a culvert forming part of the roadway. There was no guard rail on either side of the road at the point where the culvert crossed it, and the appellee while walking along the highway, on a dark and foggy night, fell from the side of it where the small stream entered the culvert, sustaining the injuries for which he seeks compensation in this action. The jury found that the county had been negligent in not properly guarding the road at the point where the plaintiff fell from it, and that he had not contributed to the accident by any carelessness of his own. From the judgment on the verdict the county has appealed.

The first reason urged in asking for a reversal of the judgment is that, as the county is a quasi-municipal corporation, and took over and improved the township road as an agent of the State, it is not answerable for any negligence in failing to keep it in proper repair and condition, because not made so by statute. By the sixteenth section of the Act of 1895 it is declared: "All such roads and highways, and all parts thereof, improved in accordance with the provisions of this act shall be deemed, taken and treated as and become public highways of the said county, and shall be subject to the control and supervision of the proper county commissioners; and it shall be the duty of said several counties to keep, maintain and repair the same whenever and as often as it shall be found necessary, and all road supervisors, authorities, persons or townships heretofore required to maintain and keep in repair such roads or parts thereof, shall thereupon and thereafter cease to have any management of or control over said roads, or any part thereof, and such supervisors, authorities and townships are hereby relieved from all duty and responsibility in and about the care, maintenance and repair of all roads improved under this act and becoming county roads"; and

by the first section of the Act of 1911 it is made the duty of a county to maintain and keep in repair any road or highway constructed or improved under that or any former act. While neither of these provisions expressly imposes any liability upon a county for neglect to maintain properly a township road which it takes over, what has been held as to the liability of the county for failure to maintain its bridges is equally true of its liability for failure to maintain its roads. " 'In this state the duty (to repair) is statutory, and therefore we must look to the statute for its nature and extent': Rapho v. Moore, 68 Pa. 404. The Act of June 13, 1836, P. L. 551, required public roads, including bridges, to be 'constantly kept in repair.' The Act of April 13, 1843, P. L. 221, provides: 'It shall be the duty of the county commissioners...... to repair all bridges erected by the county, and to pay the expenses of such repairs out of the county treasury.' The Act of March 30, 1905, P. L. 81, makes a precisely similar provision as to 'All county bridges heretofore erected or to be hereafter erected.' Although counties are not by these statutes expressly made liable for injuries resulting from neglect properly to maintain their bridges, yet we have uniformly and long held that a mandate to repair carries with it a responsibility, which, if neglected, may give rise to such a liability; and the thought running through our cases is that these statutes fix an imperative duty upon the counties properly to repair a bridge, which includes the obligation to maintain it, 'so as to protect against injuries by a reasonable, proper and probable use thereof in view of the surrounding circumstances, such as the extent, kind and nature of the travel, and business on the road of which it forms a part': McCormick v. Washington Township, 112 Pa. 185": Gehringer v. Lehigh County, 231 Pa. 497. In Wasser v. Northampton County, 249 Pa. 25, the complaint of the plaintiff was of the failure of the county to maintain a sufficient guard rail along a road at a point where it bordered on a canal. The road had been taken

over and maintained by the county under the County
Road Act, and, in speaking of its liability for failure to
guard the same properly at a dangerous point, we said:
"It is contended for appellant that it was the duty of
the county in this instance, as it is of townships in all
cases, where the highway runs along the edge of a preci-
pice or dangerous embankment, to erect guards or bar-
riers for the protection of the traveling public, and that
failure to perform this duty makes the county, or town-
ship, as the case may be, liable in damages for injuries
resulting from such neglect. With this statement of the
law no fault can be found. It was the duty of the county
in the present case to erect a guard rail at the point of
the accident, but this duty had been performed and the
guard rail was there." In Bucher v. Northumberland
County, 209 Pa. 618, the question was as to the liability
of the county for negligence in failing to keep in good
condition the sidewalk in a public street in front of the
court house. As no statutory duty to do so had been
imposed, no liability existed, and it was, therefore, said:
"But no statute of this State has been brought to our
attention which imposes upon the counties any liability
for negligence in the care of the highway or of the side-
walk in front of the county buildings......Under the
Act of June 26, 1895, P. L. 336, counties are empowered
to improve or construct certain roads, which shall there-
after be maintained as county roads, and kept in repair
at the expense of the county. But this does not apply to
a street or highway within the limits of a borough or
city."

The Act of 1895 relieves township authorities from "all
duty and responsibility in and about the care, mainte-
nance and repair of all roads" improved under the pro-
visions of the act and becoming county roads. The said
duty and responsibility must, for the safety of the pub-
lic in traveling over the highways, rest somewhere, and
it is by clearest implication imposed by the statute upon
a county taking them over. What before the taking

over had been the duty of the township becomes the duty of the county, and, for failure to perform, liability rests upon it which had rested upon the township. Whether a county is bound to put up a guard rail at a particular point on a road under its control depends upon the circumstances of each case, and, in the present one, that question was properly submitted to the jury.

The plaintiff testified that he was walking along the road on New Year's night, about seven or eight o'clock; that it was so dark he could not see where he was going; that he did not know where he was on the road; that he was trying to keep in the middle of it; that he heard a vehicle coming and took a step or two from what he supposed was the middle of the road, and fell into the run. The questions of his contributory negligence and the negligence of the county were submitted under the following correct instructions: "The question for you to determine is whether or not, considering the nature of the road at that place and all the circumstances, it was the duty of the county to maintain some kind of a guard rail there......I submit that question to you, gentlemen, as a question of fact, and the method of determining that is to determine whether that was reasonable and whether in your minds what the county commissioners did (because they are just acting in the place of the supervisors of the township)—whether what they did was ordinary care under the circumstances, or whether in not putting up such a guard rail they were guilty of a breach of duty, or ordinary care. That is the real question in this case. If, in your opinion, considering all the circumstances, that was a place where it was not the duty of the county commissioners to maintain a guard rail, then they were not guilty of negligence in not maintaining it. If it was not their duty—and of course in all these cases the burden is on the plaintiff to show by the weight of the evidence that there was negligence—if you are not satisfied by the weight of the evidence there was negligence on the part of the county commissioners in not keeping

a guard rail there, then you will find a verdict for the defendant without going into any other question. If you come to the conclusion it was negligence·not to maintain a guard rail there under the circumstances, then the next question will be, was Mr. Clark himself using due care, because a man who is hurt, even through somebody's negligence, but also hurt by negligence of his own, which contributed to the injury, cannot recover, because the law does not undertake to measure the difference between one man's negligence and another......If you find the county was negligent and he was not negligent, then he would be entitled to recover."

The assignments of error are all overruled and the judgment is affirmed.