## McCormick *v.* Allegheny County, Appellant.

*Negligence—Counties—Roads—Repairs—Acts of June 26, 1895, P. L. 336, and May 11, 1911, P. L. 244—Prior demand.*

1. The Acts of June 26, 1895, P. L. 336, and May 11, 1911, P. L. 244, relieving township authorities from all duty and responsibility in respect to the care, maintenance and repair of all roads improved under the provisions of such acts and making such roads county roads, have the effect of imposing liability on the county for injuries occasioned by breach of the duty to repair; and this includes injuries on the sidewalks of such roads.

2. In an action to enforce such liability, it is not necessary to show a prior demand for damages, inasmuch as the damages are unliquidated. The case is within the rule that the action is itself a sufficient demand.

Argued Oct. 15, 1918. Appeal, No. 180, Oct. T., 1917, by defendant, from judgment of C. P. Allegheny Co., April T., 1915, No. 2541, on verdict for plaintiff in case of Margaret McCormick v. Allegheny County. Before BROWN, C. J., STEWART, MOSCHZISKER, WALLING, SIMPSON and FOX, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

At the trial the jury returned a verdict for $4,000. On a rule for a new trial and for judgment n. o. v., SWEARINGEN, J., filed the following opinion:

Margaret A. McCormick brought an action against the County of Allegheny to recover damages for an injury she sustained by reason of falling upon a sidewalk, located along a road which had been improved by the county under the provisions of the Road Act of June 26, 1895, P. L. 336. She alleged that the defendant was negligent in failing to keep the sidewalk in repair, whereby it became defective and dangerous. The verdict was in favor of the plaintiff, and the defendant moved for judgment non obstante veredicto and for a new trial.

At the trial the plaintiff was allowed to amend her state-ment, although the accident happened more than two years prior thereto. It is now argued that the original statement was so defective that no cause of action was set forth and that such a defect could not be. cured by an amendment after the bar of the statute of limitations had closed. Whilst the original statement was defective, and probably the plaintiff would not have been able to introduce all the evidence which she desired to present, yet the defendant was charged with the same negligence as that upon which the plaintiff relied at the trial. Therefore, there was no change in the cause of action, and the amendment was properly allowed.

However, the main contention of the defendant is that it is not answerable for the negligence of its officers, because no such liability is imposed. The reason as-signed is that a county is but a quasi-municipal corpora-tion, and it cannot be held responsible unless some statute expressly gives an action. It is true there is no statute which expressly confers a right of action against a county in such case as this. If, therefore, the County of Allegheny were a mere governmental division of the State in the construction and maintenance of the road whereon the plaintiff was injured, she could not main-tain this suit: Kelley v. Cumberland County, 229 Pa. 289. What, then, was the nature of the relation in which the county stood respecting the road in contro-versy?

Prior to the Act of 1895, counties had nothing what-ever to do with either the construction or the main-tenance of public roads. Those duties were imposed upon other municipal divisions of the State. That act made radical changes in the law relating to the roads which a county might improve. In Section 1, counties are empowered to improve any public road, or section thereof, and it is provided that any such road shall for-ever thereafter be a county road, and the duty of main-taining and keeping it in repair shall devolve upon the

county.  In Section 16 all road supervisors, authorities, persons, and townships are expressly excluded from any management or control of such roads, and are relieved from all responsibility therefor.  The language used is explicit and there is no doubt about its meaning.  It is, therefore, apparent that the duties required of counties with respect to such roads are corporate duties and are not mere governmental functions.  If this be true, then the corresponding liability for failure to keep such roads in reasonable repair is implied.  Prior to the act, townships were obliged to abide the consequences of their neglect in these respects, and it was not the purpose of the legislature to exclude townships and to substitute other agencies with no responsibility to the traveling public.

But it is contended that the plaintiff was injured while passing over a sidewalk, and that there is no obligation upon the county to provide a sidewalk along a road it has taken over.  This argument assumes that the powers and duties of counties with respect to roads, under the Act of 1895, are the same as those of townships, under the prior legislation of the State.  This assumption is not correct.  The powers of counties are much more extensive.  They are authorized to improve roads, and no restrictions whatever are imposed.  The manner of doing so is left entirely to their discretion.  The improvement may be of the entire width of the road and with any material, and a part may be paved with one material and the remainder with another.  Laying a sidewalk is an "improvement" the same as is the construction of a pavement.  Of course, such an improvement is not needed in sparsely settled sections, but where it is to be made is left to the direction of county officials.  A sidewalk for pedestrians, especially children, is as necessary in a village as is a roadway for vehicles and animals.  Particularly is this true since the advent of motor vehicles.  The term "sidewalk" is used to designate the portion of a highway which has been

set apart for pedestrians as distinguished from what is used by vehicles: Graham v. Lea, 48 Minn. 201. So that counties have the power under the Act of 1895 to lay sidewalks along roads improved by them, where the same are necessary for the convenience and accommodation of the public.

When, therefore, the County of Allegheny took over the township road upon which the plaintiff was injured, as admittedly was done long prior to the accident, it assumed entire responsibility for every part of the road. And besides, every other agency was expressly prevented from interfering with the road in any way. It appeared in evidence that this boardwalk was built by Union Township, in which the road is located, under a contract with the county commissioners, and that the county contributed part of the money. The county officials wisely took the precaution to insert in the contract a clause of indemnity against accidents. But the county could not, by such an agreement, shift its statutory responsibility to another party. Hence Union Township could not construct and maintain a boardwalk along the road. If it did so, with the consent of the county officials, it was simply acting as the agent of the county, and the latter was not thereby relieved of liability to a stranger.

We do not think the reasons assigned for a new trial are sufficient to warrant us in granting the motion. Exceptions were taken to the remarks of plaintiff's counsel at the trial. We did not think at the time that they justified the withdrawal of a juror. It is argued that the remarks tended to inflame the jury, but we think the verdict is a sufficient answer to that proposition. The plaintiff did suffer quite severe injuries, and under the testimony submitted by her the verdict is not at all excessive. Besides, the court admittedly gave the jury proper instructions upon the subject of damages, and none of the rights of the defendant appear to have been disregarded.

*Error assigned* was in refusing judgment for defendant n. o. v.

*Richard W. Martin,* with him *Lee C. Beatty,* County Solicitor, for appellant.

*Ralph P. Tannehill,* with him *Rody P. & Meredith R. Marshall,* for appellee.

PER CURIAM, January 4, 1919:

When this case was tried and finally disposed of in the court below, Clark v. Allegheny County, 260 Pa. 199, had not been argued before us. What we there decided is conclusive of the correctness of the view of the learned trial judge, that the duty rested upon the county to keep the Banksville road in proper repair.

As to the contention of the appellant that a demand ought to have been made upon it for the payment of the damages claimed by the appellee before an action could be maintained against it to recover them, nothing more need be said than that, as they were unliquidated, the case is within the rule that the action is itself a sufficient demand. The other questions raised by the appellant are sufficiently answered in the opinion of the learned court below overruling defendant's motion for a new trial.

Judgment affirmed.