538 A.2d 646

Township of Upper St. Clair, a municipal corporation on behalf of itself and all other similarly situated municipalities of Allegheny County, Appellant v. The County of Allegheny, a municipal corporation; and John C. Kyle, Clerk of Courts of Allegheny County, Appellees.

Argued October 7, 1987, before President Judge CRUMLISH, JR., and Judges CRAIG, MACPHAIL, DOYLE, BARRY, COLINS and PALLADINO.

E. J. *Strassburger*, with him, *Robert N. Hackett* and *Bernadette Puzzuole, Strassburger, McKenna, Gutnick and Potter*, for appellant.

*Byron D. Xides,* Assistant County Solicitor, with him, *Ira Weiss,* Deputy County Solicitor, and *James J. Dodaro,* County Solicitor, and *Robert C. Gallo, Gallo, Weiner & Coletta,* for appellees.

OPINION BY JUDGE COLINS, March 7, 1988:

Appellant, Township of Upper St. Clair, appeals from an order of the Court of Common Pleas of Allegheny County which denied class certification as to appellant's complaint against appellee, The County of Allegheny (County), and dismissed the County as a defendant in the action.[1] The pertinent facts are as follows:

Appellant filed a class action complaint against the county on behalf of itself and all other municipalities similarly situated. This complaint alleged that the procedure adopted by the County and Clerk of Courts of Allegheny County (Clerk) for disbursement of fines received from those convicted of driving under the influence of alcohol or a controlled substance (DUI) was contrary to Section 3573(b)(3) of the Judicial Code (Code), 42 Pa. C. S. §3573(b)(3).[2]

The trial court concluded in its opinion that suit against the County was inappropriate for two reasons: (1) that the County neither collected nor retained any DUI fines; and (2) that no prior claim had been made by the municipalities on the County Controller.

---

[1] The trial court's order also dismissed the County's crossclaim against the Clerk of Courts and certified the claim against the Clerk of Courts as a class action. These parts of the trial court's order are not in issue on this appeal.

[2] Monies received by the Clerk, which *entirely* cover the fine and costs assessed, are not now in dispute because these are properly disbursed to the municipalities. It is those monies paid in installments which are in dispute, because disbursement occurs, if at all, only after all installments are made.

We first note that our scope of review is limited to a determination of whether the trial court committed an error of law or an abuse of discretion. *Coretsky v. Board of Commissioners of Butler Township,* 103 Pa. Commonwealth Ct. 28, 519 A.2d 571 (1987).

Appellant argues that the County is a proper party to the class action litigation where damages are sought for improper retention of criminal fines where the money, although first paid to the Clerk, is later deposited by and inures to the benefit of the County. For the following reasons, we agree.

Section 3572 of the Code, 42 Pa. C. S. §3572, provides:

> Except as otherwise provided in this subchapter, all fines forfeited, recognizances and other forfeitures imposed, lost or forfeited and fees and costs collected in the court of common pleas, or community court established for a judicial district embracing a county, or in a magisterial district within the county, or in the Philadelphia Municipal Court, *shall be payable to such county.* (Emphasis added.)

Section 3573(b)(3) of the Code provides:

> When prosecution under 75 Pa. C. S. §3731 (relating to driving under influence of alcohol or controlled substance) is the result of local police action, 50% of all fines forfeited, recognizances and other forefeitures imposed, lost or forfeited shall be payable to the municipal corporation under which the local police are organized and 50% *shall be payable to the county.* . . . (Emphasis added.)

Further, the trial court made the following relevant factual findings: "The fines and costs, as they are collected by the Clerk, are deposited in a bank account entitled 'Court Costs Bank Account.' If payments are made

into the Clerk's office in installments, the costs are paid over to the County Treasurer by the Clerk on a twice monthly basis."

We find that the County is a proper defendant in the instant proceeding where the money, although first paid to the Clerk, is later deposited by and inures to the benefit of the County.

Appellant also argues that in a class action against a county, all putative members of the class need not first present their claims to the County Controller where none of the claims is liquidated and, except for the amount, all claims are identical.

The trial court, relying on Section 1950 of the Second Class County Code, Act of July 28, 1953, P.L. 723, 16 P.S. §4950,[3] held that "because the putative class members are required by statute to present their claims against the county to the controller, we would conclude that a class action is an improper form of action to be utilized to recover on claims against the County." We disagree.

In *McCormick v. Allegheny County*, 263 Pa. 146, 106 A. 203 (1919), the plaintiff sued for personal injuries that occurred from a fall on the county's sidewalk. Judgment was entered for plaintiff and the county appealed alleging, *inter alia*, that prior demand on the county had not been made. The Supreme Court held that "[N]othing more need be said than that, as they

---

[3] 16 P.S. §4950 provides in pertinent part:
The controller shall scrutinize, audit and decide on all bills, claims and demands whatsoever against the county. All persons having such claims shall first present the same to the controller and, if required, make oath or affirmation before him to the correctness thereof. The controller may, if he deems it necessary, require evidence, by oath or affirmation, of the claimant and otherwise that the claim is legally due. . . .

were unliquidated, the case is within the rule that the action is itself a sufficient demand." 263 Pa. 146, 150, 106 A. 203, 204.

We do not read 16 P.S. §4950 to require all putative members of the class, in a class action against a county, to first represent their claims to the County Controller, where none of the claims is liquidated and, except for amount, all of the claims are identical.

Accordingly, the order of the Court of Common Pleas of Allegheny County dismissing the County as a defendant is reversed. The class action is hereby certified as against the County as well as the Clerk. Further, we remand the case to the Court of Common Pleas of Allegheny County to determine what monies, if any, are owed appellant.

## ORDER

AND NOW, this 7th day of March, 1988, paragraphs 1, 2 and 5 of the Order of the Court of Common Pleas of Allegheny County in the above-captioned matter are reversed and the matter is remanded for further proceedings.

Jurisdiction relinquished.

## AMENDED ORDER

AND NOW, this 18th day of July, 1988, upon consideration of Appellant's Application for Clarification of Order Filed March 7, 1988, it is ORDERED that said Motion be and the same is hereby granted. Accordingly, said earlier Order is revoked and in its stead it is ordered that:

(1) Paragraphs 1, 2, and 3 of the Order of the Court of Common Pleas of Allegheny County in the above-captioned matter are reversed;

(2) The Complaint against Allegheny County and the Crossclaim of the County against the Clerk are reinstated;

(3) The Complaint against Allegheny County is certified as a class action;

(4) The definition of the class set forth in paragraph 5 of the trial court's Order is reaffirmed with respect to the claims against both the County and the Clerk of Courts; and

(5) The matter is remanded for further proceedings.