550 A.2d 1023

George R. Hoffmaster, II *v.* County of Allegheny. George R. Hoffmaster, II *v.* Township of Crescent. George R. Hoffmaster, II. Appellant.

Township of Crescent, Appellant *v.* George R. Hoffmaster, II, Appellee.

Argued March 25, 1988, before Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Ronald P. Koerner, Gatz, Cohen, Segal and Koerner, P.C.,* for appellant/appellee, George R. Hoffmaster, II.

*Louis C. Long,* with him, *Richard J. Mills* and *Gregory F. Buckley, Meyer, Darragh, Buckler, Bebenek & Eck,* for appellee/appellant, Township of Crescent.

OPINION BY JUDGE BARRY, November 23, 1988:

George R. Hoffmaster, II (plaintiff) and Crescent Township (Township) have filed cross appeals from an order of the Court of Common Pleas of Allegheny County denying the Township's motion for judgment n.o.v. but granting its motion for new trial.

Plaintiff sustained injuries when shortly after 6:00 a.m. on March 13, 1981, the car he was driving slid on a patch of ice and collided with a Port Authority Transit of Allegheny County bus travelling in the opposite direction. The accident occurred at a bend on Spring Run Road, an Allegheny County (County) highway. A year or

two before this accident, the Township had an informal, unwritten agreement with the County concerning the responsibility for removal of snow and ice from Spring Run Road. By a letter dated October 30, 1980, from Thelma A. Stucke, the Secretary and Manager of the Township, to Paul Ostrowski, Chief Engineer in the County's Maintenance Department, this informal agreement was confirmed in writing. This letter read:

> As per our conversation, please be advised that the Township of Crescent is willing to continue snow and ice removal on Spring Run Road for the coming winter 1980-81. As in the past. Mr. Wagner [a district supervisor for the county] will supply the township with salt and cinder mix as needed for this road.

As a result of the motor vehicle accident of March 13, 1981, plaintiff brought an action for damages against the County. When discovery revealed the existence of the agreement between the County and the Township, plaintiff brought a separate action against the Township. These actions were consolidated for jury trial. Before trial, the County settled with the plaintiffs and received a joint tortfeasors' release. The County remained on the record throughout the trial, however. The case was submitted to the jury on written interrogatories. The jury returned a verdict in favor of Mr. Hoffmaster, finding no contributory negligence on his part and apportioning 30% of causal negligence to the County and 70% to the Township.

The Township filed a timely motion for post trial relief seeking judgment n.o.v. or a new trial. The trial court, acting upon this motion, granted a new trial on the basis of insufficiencies it saw in its charge to the jury. It denied, however, the Township's motion for judgment n.o.v. These cross appeals followed.

The Township appeals from the denial of its motion for judgment n.o.v. This court's scope of review when

considering an appeal from an order denying a motion for judgment n.o.v. is very narrow; we are concerned only with determining whether there was sufficient competent evidence to sustain the verdict, granting the verdict winner the benefit of every reasonable inference reasonably to be drawn from the evidence and rejecting all unfavorable testimony and inferences. *Cabell v. City of Hazleton,* 96 Pa. Commonwealth Ct. 129, 506 A.2d 1001 (1986).

The Township contends that it had no duty to correct an artificial condition that makes ice formation on Spring Run Road in dry weather possible, or a duty to post warnings of such a phenomenon, since it is a county highway. Therefore, according to it, judgment n.o.v. should have been entered in its favor. We note, however, that the trial court agreed with the Township's contention that it did not have a duty to either correct an artificial condition making ice formation on the county road in dry weather possible or to post warning signs of such a phenomenon and rejected the plaintiff's argument that the Township had such duties. The trial court, however, refused to enter judgment n.o.v. because it found that:

> The jury might have found that the Township, having had actual or constructive notice of the hazard of ice produced at the bend in the road by the artificial condition, should routinely have sent its road crew out there to check for ice whenever weather conditions existing on the morning of plaintiff's accident prevailed, and that its failure to do so was negligence.

*Hoffmaster v. County of Allegheny,* (Nos. G.D. 82-09306 and G.D. 82-22747, filed February 2, 1987), slip op. at 14.

The Township, at one point in its brief to this Court, asserts that it did not even have the duty of removing snow and ice from Spring Run Road.

In its decision in *Clark v. Allegheny County*, 260 Pa. 199, 103 A. 552 (1918), the Supreme Court held that the Act of June 26, 1895, P.L. 336-specifically, Section 16 thereof—and the Act of May 11, 1911, P.L. 244-specifically, Section 1 thereof—relieved townships of the responsibility of repairing and maintaining township roads which had been taken over by the county and imposed such responsibilities upon the county. Therefore, the county became liable for injuries resulting from the failure to properly repair and/or maintain those roads, even though neither act expressly imposed liability upon a county for such negligence. 260 Pa. at 203-04, 103 A. at 553. The Act of August 9, 1955, P.L. 323-specifically, Sections 2702 and 2705 thereof, 16 P.S. §§2702, 2705—like its above mentioned predecessors, relieves townships of all duty for the repair and maintenance of township roads taken over by counties and imposes upon the counties this duty. Spring Run Road was declared to be a county road by the Court of Quarter Sessions of Allegheny County on October 5, 1911. As a result, the duty of repairing and maintaining that road, and the accompanying liability for failure to carry out that duty, thereafter fell on the County.

Nevertheless, we note that the Township, pursuant to an agreement with the County, assumed the County's responsibility for removing snow and ice from Spring Run Road. That being the case, the County can be liable for its negligence, Restatement (Second) of Torts §324(a)[1], and cannot rely upon the effect of the statutory provisions mentioned above as a shield from such liability.

---

[1] This section of the Restatement (Second) of Torts provides in pertinent part:

> One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things

The Township, in arguing that it could not be held responsible for removing ice from Spring Run Road, relies upon the decision in *McCormick v. Allegheny County*, 263 Pa. 146, 106 A. 203 (1919); another case in which it was recognized that the Act of June 26, 1895, P.L. 336 and the Act of May 11, 1911, P.L. 244, imposed liability for failure to repair or maintain county highways on the county and not on the local municipality. In that case, the appellee was injured while walking on a sidewalk along a township road taken over by the county. There was evidence showing that Union Township had constructed the sidewalk under a contract with Allegheny County, that the county contributed part of the money for this project, and that the county had agreed to an indemnity clause in the contract. After noting these facts, the Supreme Court stated:

> [T]he county could not, by such an agreement, shift its statutory responsiblity to another party. Hence Union Township could not construct and maintain a boardwalk along the road. If it did so, with the consent of the county officials, it was simply acting as the agent of the county, and the latter was not thereby relieved of liability to a stranger.

263 Pa. at 149, 106 A. at 204. The Township argues that, in making the above statement, the Supreme Court had held that a municipality which assumes responsibility for the repair and maintenance of a road taken over by the county could not be held liable for injuries sustained by a third party as a result of its failure. We do not, however, construe the above statement

is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking if. . . .

> (b) he has undertaken to perform a duty owed by the other to the third person.

to stand for that principle. Rather, we believe that what the Supreme Court meant was that the county could be held liable to the injured party, *as could the township*.

The Township next argues that, even if it had a duty to remove snow and ice from Spring Run Road, judgment n.o.v. should have been granted because there was no evidence that it had actual or constructive notice of the dangerous condition of Spring Run Road at a proper time prior to the accident to have taken adequate protective measures.[2] More specifically, it contends that there was no evidence that it had actual notice of the icy condition and no *admissible* evidence to show that it had constructive notice of such a condition. Judgment n.o.v. does not, however, lie for correction of errors in admission or exclusion of evidence. Such errors are properly the subject of a motion for new trial. *Stewart v. Chernicky,* 439 Pa. 43, 266 A.2d 259 (1970). Therefore, we need not, *in the context of our discussion of whether denial of the Township's motion for judgment n.o.v. was error,* consider whether evidence offered by the plaintiff to show that the Township had actual or constructive notice of the dangerous condition of Spring Run Road was improperly admitted into evidence.

Plaintiff asserts that the testimony of Lewis Falkman, an individual who had been living at the bend in Spring Run Road where the accident had occurred since 1972, constitutes evidence that the Township had notice of the icy condition of that bend in Spring Run Road where plaintiff's accident occurred at a sufficient time prior to the plaintiff's accident to have taken measures to protect against it. This witness testified that, in the nine years prior to plaintiff's accident, water from an

---

[2] Under Section 8542(b) of the Judicial Code, 42 Pa. C. S. §8542(b), such a showing must be made before liability can be imposed on the Township.

unknown source would seep down the hill on which the stretch of Spring Run Road in question was located, along the side of the road, and, once it reached the bend in the road where the accident occurred, it would then seep onto and across the road. These seepages would not occur with any regularity and one would not know when to expect them. In the wintertime, particularly in the month of March when the wind blew through the valley, the water that had seeped onto the road would then freeze resulting in the formation of a patch of ice on the road. According to the witness, there would be numerous occasions when a patch of ice would be present on the bend in question while the remainder of Spring Run Road would be clear. The witness did admit that he never reported this condition to the Township.[3]

Mr. Falkman also testified, over the objection of the Township's counsel, that there had been another motor vehicle accident at the site of the plaintiff's accident. While he could not recall the specific date on which this accident occurred, he did state that it had occurred two to three weeks prior to the date of the plaintiff's accident and that, like the plaintiff's accident, it had occurred between 6:00 a.m. and 6:30 a.m. Furthermore, while he could not state whether it was raining or snowing or whether the sun was shining at the time of the prior accident, he did state that there was ice on the

---

[3] Patsy Lombardo, another individual who resided in the vicinity of the bend in Spring Run Road where the accident occurred and had done so since 1971 or 1972, gave similar testimony. He testified that, "way before the wreck", he would observe water coming down Spring Run Road, from his neighbor's property above his own, and then seeping onto and across that bend where it would then freeze. The witness's testimony indicates that he had observed this water freezing on the bend, at the earliest, during the winter prior to that in which the accident had occurred.

road at the time this other accident occurred. The witness was, however, unable to state whether the accident was reported to any Township personnel.

Plaintiff would also have us find that the letter of March 31, 1980 from Florence Herrle and Carl Herrle, who resided on Spring Run Road to Joseph Moses, the Director of Allegheny County, constitutes evidence that tends to show that the Township had actual or constructive notice of the icy condition of the bend in Spring Run Road where plaintiff's accident occurred at a sufficient time prior to the event to have taken measures to protect against it. That letter was introduced by plaintiff's counsel, over the objection of the Township's counsel, during the examination of Thelma A. Stucke, the secretary and manager of the Township. A copy of it had been sent to Ms. Stucke. In the letter, the authors voiced various complaints regarding the maintenance of Spring Run Road, including the following complaint, "During the winter, Spring Run Road has wet areas which ice up and create a safety hazard." The letter did not identify with any specificity the location of these "wet areas." Spring Run Road is, however, only 1.5 miles long.

It is the conclusion of this Court that the evidence that has been mentioned was legally sufficient to establish that the Township had actual or constructive notice of the icy condition of the bend in Spring Run Road where plaintiff's accident occurred. Accordingly, the order of the court denying the Township's motion for judgment notwithstanding the verdict is affirmed. We now address the question of whether the evidence that has been mentioned was properly admitted.

When reviewing a trial court's decision to exclude or admit evidence, it must be kept in mind that such decisions are within the sound discretion of the trial judge and are not to be reversed in the absence of a clear

abuse of discretion on the part of the trial judge. *McCrery v. Scioli,* 336 Pa. Superior Ct. 455, 485 A.2d 1170 (1984). Here, the Township argues that Mr. Falkman's testimony about the prior accident should not have been admitted into evidence. The Township argues that Mr. Falkman's testimony about the prior accident was irrelevant because (1) the witness was unable to state the specific date on which it occurred and, therefore, may have been testifying about an accident that occurred subsequent to the plaintiff's accident and (2) the witness was unable to recall whether, at the time of the prior accident, it was raining or snowing or whether the sun was shining and failed to give testimony indicating that the patch of ice on the road at the time of the prior accident had remained on the road up to the time of the plaintiff's accident, thereby failing to establish that the prior accident occurred at substantially the same place, and under the same or similar circumstances, as plaintiff's accident.

"In certain circumstances 'evidence of similar accidents occurring *at substantially the same place and under the same or similar circumstances may,* in the sound discretion of the trial Judge, be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury.' " *Whitman v. Riddell,* 324 Pa. Superior Ct. 177, 180-81, 471 A.2d 521, 523 (1984) *quoting Stormer v. Alberts Construction Co.,* 401 Pa. 461, 466, 165 A.2d 87, 89 (1960) (emphasis in original). "Such evidence will be permitted 'for the purpose of establishing the character of the place where [the accidents] occurred, their cause, and the imputation of notice, constructive at least, to the proprietors of the establishment, of the defect and the likelihood of injury.' " *Whitman, id. quoting Yoffee v. Pennsylvania Power and Light Co.,* 385 Pa. 520, 542, 123 A.2d 636, 648-49 (1956). However, evidence of other accidents that occur

subsequent to that upon which the litigation is brought is not admissible to show knowledge of a condition prior to an accident. Such evidence is not relevant to the issue of whether the defendant knew, *at the time of the accident,* that the accident could occur and serves to prejudice the jury by informing them that the defendant was careless not only once but several times. *Crance v. Sohanic,* 344 Pa. Superior Ct. 526, 496 A.2d 1230 (1985).

Here, on direct examination, Mr. Falkman initially testified that *two* other motor vehicle accidents had occurred between 6:00 a.m. and 6:30 a.m. on the same bend in Spring Run Road where plaintiff's accident had occurred while there was ice on the road. Later, on cross-examination by the Township's counsel, Mr. Falkman stated that he did not know whether the two accidents he had mentioned occurred before or after the plaintiff's accident. Finally, after the trial judge had given the plaintiff's counsel an opportunity to straighten out his testimony on this point, Mr. Falkman, on redirect examination, stated that one accident had occurred two to three weeks prior to the plaintiff's accident and that the second had occurred subsequent to the plaintiff's accident. At the close of Mr. Falkman's testimony, the trial court instructed the jury to disregard any reference it found the witness to have made to accidents that occurred subsequent to the date of the plaintiff's accident.

The trial judge, in responding to the Township's argument that, under the above circumstances, the admission of Mr. Falkman's testimony about the prior accident was error, states in his opinion that, since Mr. Falkman was able to state on redirect examination that one accident had occurred before the plaintiff's accident—more specifically, two to three weeks before the plaintiff's accident—and since the jury had been in-

structed to disregard any reference that it determined Mr. Falkman to have made to an accident that may have occurred subsequent to plaintiff's accident, the Township had not, as a result of Mr. Falkman's testimony, suffered prejudice that would require the granting of post-trial relief. He also states that in proving that the prior accident had occurred at the same time of day as the present accident, at the same bend of Spring Run Road, and while there was ice on the road, the plaintiff had established that the prior accident had occurred at substantially the same place and under the same or similar circumstances. This court is unable to state that the trial judge, in admitting Mr. Falkman's testimony about the prior accident clearly committed an abuse of discretion.

We reach the same conclusion concerning the trial court's decision to admit into evidence the letter of March 31, 1980 from Mr. & Mrs. Herrle to Mr. Moses. The Township contends that the admission of that letter was error because (1) it constituted inadmissible hearsay and (2) it "has no bearing on the subject matter of the lawsuit, contains nothing of value tending to determine the matter in dispute among the parties to the litigation, and relates to happenings too remote in time to be considered as credible, relevant or material evidence of constructive notice to Crescent Township of a dangerous condition existent at the particular place on Spring Run Road where the Hoffmaster accident occurred."[4] The Herrles' letter was not, however, offered to estab-

---

[4] The Township's objection to the Herrles' letter on the grounds of irrelevancy was not couched in such broad language in its motion for post-trial relief. There, the Township simply contended that the Herrles' letter was irrelevant because it related to problems at a particular area having no relationship to the accident, an assertion which it made at the time plaintiff's counsel attempted to have the letter introduced during the examination of Ms. Stucke.

lish the truth of the matter asserted; *i.e.*, that, in fact, there were wet areas on Spring Run Road which, during the winter time, turned into patches of ice and created a safety hazard. Instead it was, as observed by the trial court, offered to prove that the Township had notice of the icy condition of Spring Run Road.[5] Evidence in the form of an utterance of writing introduced to show that a party has been put on notice of a condition rather than to show the truth of matters asserted therein is not hearsay. Cleary, *McCormick on Evidence,* 733-34 (3rd ed. 1984). As to the Township's contention of irrelevancy the trial court noted that Spring Run Road was a "relatively short road", and reasoned that a jury should be left to determine whether, under the circumstances, the letter constituted notice to the Township of the existence of icy conditions of the bend in Spring Run Road where plaintiff's accident occurred.

We now turn to the issues raised by the plaintiff in his cross appeal from the trial court's decision to grant the Township's motion for new trial. The standard for review of a trial court's grant of a motion for new trial generally is whether the trial court palpably and clearly abused its discretion or committed an error of law which controlled the outcome of the case. *Westinghouse Elevator Co. v. Herron,* 514 Pa. 252, 523 A.2d 723 (1987). When the trial court gives a single reason for the grant of a new trial, however, its discretion is not at issue. Instead, what is at issue is the validity of its legal justification for granting the new trial. The one reason set forth by the trial court here was that its charge was deficient. The court concluded that its instructions to

---

[5] *See* R.R. 465a.

Mr. Koerner: In response to the objection of hearsay [as to the Herrles' letter], it is being offered to show what type of notice the township had of the condition of Spring Run Road. It is a notice. It is certainly an exception to the hearsay rule.

the jury regarding the extent of the Township's duty to the plaintiff were deficient in two respects: (1) it left the jury free to find that the Township undertook not only to remove ice from the road but also to correct the artificial condition that was alleged to have made possible the formation of ice on Spring Run Road in dry weather and (2) it did not make clear to the jury that, in the absence of an undertaking to perform general maintenance, a municipality does not have a duty to make repairs or post warnings on state and county roads within its borders and did not even have a duty to notify the Commonwealth or county of the existence of a dangerous condition. The trial court believed that, because of these deficiencies, the jury might have returned its verdict against the Township based on a finding that it negligently failed to correct an artificial condition that made ice formation on Spring Run Road in dry weather possible or post warning signs of such a phenomenon.

Initially we note that, if the jury indeed had found that the Township had a duty to the plaintiff and was negligent in either failing to correct the artificial condition that was alleged or post warnings of such a phenomenon, then it acted improperly. As we have stated above, responsibility for repair and maintenance of Spring Run Road lay with the County since it was a county highway. The Township could have only been subjected to liability to the plaintiff if it assumed the County's responsibility for repairing and/or maintaining Spring Run Road. While we find evidence that would support a finding that the Township assumed responsibility for removing snow and ice from Spring Run Road, we find no evidence showing that the Township assumed responsibility for the correction of the artificial condition that was alleged to have made possible the formation of ice on Spring Run Road in dry weather or to post warnings of such a phenomenon. The letter of

October 30, 1980 from Ms. Stucke to Mr. Moses does not indicate that the Township ever agreed to assume such responsibilities.

Furthermore, Section 6109(a) of the Vehicle Code, 75 Pa. C. S. §6109(a) does not impose a duty upon the Township to post signs warning of the potential icy condition. That section merely recognized that the Township retains power to regulate traffic on roads that pass through it in the various ways enumerated therein. A failure on the part of the Township to post signs warning of the potential icy condition that one may encounter on the bend of a road does not constitute a failure to regulate traffic in one of the ways enumerated in Section 6109(a). Furthermore, even if it can be said that this case does involve a failure on the part of the Township to regulate traffic on Spring Run Road in one of the ways enumerated in Section 6109(a), it cannot be said that that statutory provision imposes any duties to take such action. It merely recognizes that it has the power to take such action. The Township cannot be held liable for failure to exercise a power it has.

In charging the jury on the law involved in the case, the trial court instructed the jury on the issue of the Township's duties as follows:

> In Pennsylvania a municipality is required to construct and maintain its roads in such a manner as to protect travelers from dangers which by the exercise of normal foresight, careful construction, and reasonable inspection, can be anticipated and avoided. The type of precautions that are to be taken by a municipality in the construction and maintenance of a safe highway is to be ascertained by examining the nature of the traffic which uses the particular roadway. A municipality's duty is not confined to making the bed of the road in a solid and safe condition, or in keeping it clear from obstructions, but it ex-

tends also to the erection of barriers or other devices and markings and guard against unsafe and dangerous places on or along the road.

As you must be aware members of the jury, in Pennsylvania, we have state highways, we have county roads, we have city roads, we have borough roads, we have township roads. It is not unusual in Pennsylvania that a given community, such as Crescent or a county, such as Allegheny, would have in it state roads and would have in it county roads, in the case of Crescent, plus their local roads here in Allegheny County we have state roads and county roads and we have a turnpike. It is not part of the state highway. It is a separate, independent commission; therefore, in a given community you may have a road to which other governmental agencies have title. *Now that was true of Spring Run Road. That was a county road. I believe there was testimony that that road was rebuilt in 1979. Being a county road, the county of course, would have responsibility for its maintenance. Also by agreement—that was assumed by somebody else as in this case that it was assumed by Crescent Township.*

*Now Spring Run Road is a county road. There was testimony that for some time the county would remove the snow and ice and then some oral arrangement or informal arrangement was made whereby Crescent Township assumed either part or all of that responsibility. However, at a given point in time there was a writing, Exhibit 6, from the secretary of Crescent Township which—and this is for you to determine— spelled out the relationships in regard to Spring Run Road as between the county and the township.*

*The county says that it is very clear on that writing, which is in evidence, that Crescent was to remove snow and ice on Spring Run Road, that was their responsibility. In exchange, the county would provide them with cinders, ash and salt.*

*The testimony on the part of the township seemed to indicate that it was some sort of shared responsibility. Examine the exhibit. Review the testimony of those witnesses who addressed themselves to it and determine what the relationship was.*

Now a municipality has the duty of keeping its streets in a reasonably safe condition so that travelers may use the street in safety.

In this particular case, a first class township such as Crescent, has the power and authority to take all necessary means to secure the safety of persons and property within the township and to remove any dangerous—dangers or obstructions on the streets or highways within the township. A municipality can be liable in damages for failing to keep its streets reasonably safe for travel, whether or not the dangerous condition of the street was created by the municipality. That simply means that it is not necessary that the municipality itself create the condition. That can come from other sources or other persons or other incidents. However, if it has the responsibility for the maintenance of those streets, then its responsibility is to remedy the dangerous condition, to treat it in some way, to remove it to avoid an unsafe condition.

A municipality has the duty to do what is practicable and what is reasonable to render its highways safe for travel.

(R.R. 967a-971a.)

The plaintiff asserts that, given the portion of the charge which has been underlined above, the jury surely would have understood that the extent of the Township's duties to him were determined by the agreement reflected in the letter of October 1980 from Ms. Stucke to Mr. Moses. He asserts furthermore that it is difficult to conceive that the jury found the Township liable to him for failure to correct the storm drainage problem or to post signs warning of the potential icy condition, when none of the witnesses ever testified, and none of the documentary evidence that was presented indicated, that the Township had such duties. The evidence, as pointed out by him, was presented to show only whether the Township had assumed sole or shared responsibility for the removal of ice and snow from Spring Run Road.

Here, however, the plaintiff's counsel made the following statement in his opening statement to the jury:

> *It is our position there were two parties who were negligent in allowing this condition [where run-off water would flow onto the road and freeze up] to exist and not warning the public about it. It is the County of Allegheny and Crescent Township.*

> Actually we feel Crescent Township bears more responsibility because the Crescent Township municipal building is located at the bottom of Spring Run Road. It is a distance of one or two miles below the accident scene, but their police station, their road maintenance crew is right at the base of this road.

> It is a major road in Crescent Township.

> As to Allegheny County, it has hundreds of roads that they have to be responsible for. We feel very strongly Crescent and the county should have taken steps to prevent it.

The county is responsible because that was and still is a county road.

Crescent Township is because they have entered into an agreement with the county before the accident, I think the winter before, that they would take over the job of snow and ice removal. They accepted that responsibility.

They failed to perform it properly.

*They even failed to at least post some sort of warning on that bend so that someone coming down there could see a sign 'watch for ice', some indication to be on the alert for this dangerous condition. . . .*

(R.R. 341a-42a.) (Emphasis added.) In his closing statement to the jury, plaintiff's counsel argued:

We also know without any question that neither defendant, particularly did anything about this [dangerous condition where run-off water would flow onto this bend in Spring Run Road and then freeze thereon]. We know as a fact from the testimony that you have heard that they didn't do one thing before March 13, 1981, to avoid, prevent this condition. Nothing at all was done.

(R.R. 929a.)

. . .

In concluding on liability, I just want to say that the township knew or should have known about this dangerous condition. They knew enough to take some action to prevent it. *They could have put up signs.* They could have alerted their crews to be there to watch out for this, they could have put boxes with sand or salt at the bend, they could have made arrangements with someone who lived there to come out when this condition existed and themselves to put this stuff on the road. They could have done so many

things. They did absolutely nothing. That's where their negligence lies.

(R.R. 941a.)

It was the trial judge's concern that these latter statements may have led the jury to believe that the Township's duty went beyond removing snow and ice from Spring Run Road and that his instructions to the jury were insufficient to dispel any such belief that led him to grant the Township's motion for new trial. We are unable to say that the trial court's concern was unwarranted.

A new trial has been held to be appropriate where the trial court's instructions to the jury, although perhaps not erroneously stating the law, have misled or confused the jury. *Hawthorne v. Dravo Corporation, Keystone Division,* 352 Pa. Superior Ct. 359, 508 A.2d 298 (1986). We do not believe that the trial court erred when it concluded that its instructions on the nature and scope of the Township's duty were capable of misleading the jury so that it could have affected the outcome of this case.

Therefore, we will affirm the trial court's decision to grant a new trial on this matter.[6]

### Order

Now, November 23, 1988, the orders of the Court of Common Pleas of Allegheny County dated February 2, 1987, at Docket No. G.D. 82-09306 and G.D. 82-22747, are hereby affirmed.

Judge MacPhail did not participate in the decision in this case.

---

[6] Because we affirm the granting of the new trial on the basis of deficiencies in the trial judge's charge to the jury, we need not address the Township's contention that it is entitled to a new trial because plaintiff's counsel, in his opening and closing statements, expressed personal opinions about whether the Township was liable.