## Millan v. Pennsylvania American Water Co.

C.P. of Lackawanna County, No. 03 CV 4332.

*Lawrence Spegar,* for plaintiffs.

*John P. Finnerty,* for defendant.

NEALON, *J.,* January 26, 2012—Plaintiffs have filed a motion for leave to amend the complaint to include a claim for punitive damages. The parties' submissions reflect that plaintiffs commenced this civil action on October 21, 2003 as a result of a fall which allegedly occurred on October 23, 2001 in front of their residence in Dunmore. Plaintiff Ann Millan ("Millan") contends that she tripped and fell

on an elevated water shut-off valve owned and maintained by defendant Pennsylvania American Water Company ("PAWC"). Defendant Linde Enterprises, Inc., ("Linde") reportedly performed construction work for PAWC in Millan's neighborhood in June 2000 and allegedly installed blacktopt in a manner which permitted PAWC's valve to protrude above the sidewalk level. (Docket Entry Nos. 5, 61, 65).

Upon the filing of PAWC's reply to Linde's cross-claim on March 9, 2004, the pleadings in this matter were closed. (*Id.*, No. 12). On November 15, 2007, a scheduling order was issued requiring all discovery to be completed by February 4, 2008, with Millan's expert reports to be produced by February 4, 2008 and the defense expert reports to be served by March 4, 2008. (*Id.*, No. 19). On September 12, 2011, PAWC filed a certificate of readiness which had been served upon counsel for Millan and Linde on June 2, 2011. (*Id.*, No. 47). By notice dated September 19, 2011, the court administrator assigned this case to the undersigned for trial, and a status conference was scheduled for October 6, 2011. On that date, an order was issued listing this matter for trial on January 30, 2012 and scheduling a final pre-trial conference on December 20, 2011. (*Id.*, No. 49). Twenty days after the final pre-trial conference and three weeks prior to the start of trial, Millan filed the instant motion seeking to amend the complaint under Pa. R.C.P. 1033 to include a claim for punitive damages. (*Id.*, No. 64).

The gravamen of Millan's motion is that two PAWC representatives testified during their discovery depositions in *Kasteleba v. Pennsylvania American Water Company,*

No. 6572 of 2006 (Luzerne Co.) that box top water covers which are elevated one-half inch above the sidewalk create an unsafe condition for pedestrians. More specifically, Mr. Thomas Laird was deposed on October 28, 2008 and acknowledged that box top covers should be flush with the sidewalk and that a cover which is one-half inch above the sidewalk can create "an unsafe condition." (*Id.*, No. 64, Exhibit A, p. 51). On December 4, 2008, Mr. Eugene DiVizio of PAWC was deposed in *Kasteleba* and agreed with Mr. Laird's testimony regarding the positioning of box top water covers. (*Id.*, exhibit B, pp. 39-40). The depositions of Mr. Laird and Mr. DiVizio related to a fall which occurred in Luzerne County on July 22, 2006, almost five years after Millan's fall. (*Id.*, exhibit A, pp. 8-12).

Millan submits that the foregoing deposition testimony establishes PAWC's "awareness of the tripping danger and hazard to the public" and proves that PAWC "acted recklessly and had a reckless indifference to the rights and safety of such persons, including the plaintiffs, Ann and Paul Millan." (*Id.*, ¶8). For that reason, Millan contends that she should be permitted to amend the complaint to include a claim for punitive damages based upon PAWC's recklessly indifferent actions. (*Id.*, ¶10). Millan has not submitted a brief in support of her request to amend the complaint pursuant to rule 1033.

In PAWC's answer and brief in opposition to Millan's motion, PAWC represents that Millan "has been in possession of the deposition transcripts of Mr. Laird and Mr. DiVizio from the *Kasteleba* litigation for several years, " but did not seek to amend the complaint until

three weeks prior to trial. (*Id.*, No. 76, ¶3; No. 77, p. 2). PAWC further argues that any conduct related to a fall which occurred on July 22, 2006 cannot serve as a basis for establishing willful, wanton or outrageous conduct by PAWC on or before the date of Millan's fall on October 23, 2001. (*Id.*, No. 77, pp. 2-4). Additionally, PAWC maintains that since "the two (2) year statute of limitations regarding [Millan's] claim has long expired, " Millan cannot amend the complaint in 2012 "to add a claim for punitive damages based on alleged facts that [Millan] did not plead in [Millan's] original complaint. (*Id.*, p. 3).

Linde also opposes Millan's motion to amend the complaint to include a claim for punitive damages. With respect to the deposition testimony of Mr. Laird and Mr. DiVizio, Linde likewise avers that Millan has possessed the "testimony of these witnesses and a videotape of the depositions for almost 2 years, " but first sought to amend the complaint on January 9, 2012. (*Id.*, No. 78, p. 3). Regardless of the timing of Millan's proposed amendment, Linde posits that "even if everything plaintiffs aver is correct, it demonstrates not recklessness or reckless indifference on behalf of defendant Linde Enterprises, Inc.," justifying a claim for punitive damages. (*Id.*, p. 4).

Pennsylvania "case law makes it clear that punitive damages are an 'extreme remedy' available in only the most exceptional matter." *Phillips v. Cricket Lighters*, 584 Pa. 179, 188, 883 A.2d 439, 445 (2005); *Wagner v. Onofrey*, 2006 WL 3704801 at * 3 (Lacka. Co. 2006). Punitive damages are designed to "heap an additional punishment on a defendant who is found to have acted in a fashion which is particularly egregious." *Phillips,* supra, at 190,

883 A.2d at 446. When assessing the propriety of punitive damages, "the state of mind of the actor is vital" and "[t]he act, or the failure to act, must be intentional, reckless or malicious." *Hutchison v. Luddy*, 582 Pa. 114, 123, 870 A.2d 766, 771 (2005); *Daniel v. Wyeth Pharmaceuticals, Inc.*, 15 A.3d 909, 929 (Pa. Super. 2011). In Pennsylvania, "a punitive damages claim must be supported by evidence sufficient to establish that (1) a defendant had a subjective appreciation of the risk of harm to which the plaintiff was exposed and that (2) [s]he acted, or failed to act, as the case may be, in conscious disregard of that risk." *Hutchison*, supra, at 124, 870 A.2d at 772; *Daniel*, supra.

"[I]t has long been the law in Pennsylvania in 'fall-down' cases that the pedestrian has the burden of proving the existence of a defective condition and the knowledge, actual or constructive, of the real estate possessor of the condition prior to the accident." *Kardibin v. Associated Hardware*, 284 Pa. Super. 586, 592, 426 A.2d 649, 652 (1981); *Jones v. Giant Food Stores, LLC*, 2011 WL 6003193 at * 3 (M.D. Pa. 2011). In proper circumstances, a plaintiff may attempt to prove the existence of a dangerous condition or the defendant's notice of that condition through "other accident" evidence. See, *Stormer v. Alberts Construction Company*, 401 Pa. 461, 466, 165 A.2d 87, 89 (1960) (evidence of similar accidents may "be admissible to prove constructive notice of a defective or dangerous condition and the likelihood of injury."); *Hutchinson v. Penske Truck Leasing Company*, 876 A.2d 978, 983 (Pa. Super. 2005) ("For 'other accident' evidence to be admissible, the plaintiff must first establish that there is a 'substantial similarity of conditions' between the other

accidents and the accident that injured the plaintiff."), aff'd, 592 Pa. 38, 922 A.2d 890 (2007); *Vernon v. Stash*, 367 Pa. Super. 36, 47, 532 A.2d 441, 446 (1987) ("evidence of prior accidents or occurrences is generally relevant to show the existence of a defect or dangerous condition or to demonstrate knowledge on the part of the defendant that the hazard existed."). To be relevant and admissible, the "other accident" must have occurred prior to the incident at issue, must be sufficiently similar to the incident involving the plaintiff, and must have taken place under sufficiently similar circumstances. *Valentine v. Acme Markets, Inc.*, 455 Pa. Super. 256, 266, 687 A.2d 1157, 1162 (1997); *Walsh v. Generations Management Services, LLC*, 2011 WL 1131485 at * 4 (Lacka. Co. 2011). Evidence of other incidents "that occur subsequent to that upon which the litigation is brought is not admissible to show knowledge of a condition prior to an [incident]." *Hoffmaster v. County of Allegheny*, 121 Pa. Cmwlth 266, 276-277, 550 A.2d 1023, 1028 (1988), app. denied, 522 Pa. 606, 562 A.2d 828 (1989); *Walsh*, supra at * 4-5 (sustaining objection to discovery request seeking information concerning falls which occurred after the date of the plaintiff's fall and holding that "[s]ubsequent falls cannot demonstrate prior notice or knowledge of a dangerous condition."); *Gurevitz v. Piczon*, 42 D. & C. 4th 308, 324 (Lacka. Co. 1999) ("...any reference to Cornfield's surgeries is not relevant to Gurevitz's corporate liability claim since Cornfield's operative procedures post date Gurevitz's surgeries. How could CMC possibly have been expected to have had actual or constructive notice of a potential problem involving Dr. Piczon's surgical abilities at the time of Gurevitz's

procedures on August 24, 1993 and November 18, 1993, based upon Cornfield's spinal procedures that were later performed on February 10, 1994 and March 11, 1994?").

To the extent that Mr. Laird, Mr. DiVizio or any other PAWC representative is designated as a managing agent of PAWC pursuant to Pa. R.C.P. 4007.1(e) or 4020(a)(2), their testimony regarding the hazards presented by protruding water valves will be admissible as to the relevant standard of care, provided that those witnesses confirm that they held those opinions prior to the date of Millan's fall on October 23, 2001. However, any reference to falls or other dangerous conditions which postdate October 23, 2001 will be precluded since they are not probative of the existence of an allegedly dangerous condition in front of Millan's residence or PAWC's actual or constructive notice of such a condition. See, *Hoffmaster*, supra; *Walsh*, supra; *Gurevitz*, supra. Consequently, the deposition testimony cited by Millan in support of Millan's claim for punitive damages will not be admissible at trial to prove the occurrence of subsequent falls in different locations or PAWC's actions with regard to those later falls.

Millan has not identified any deposition testimony or other evidence which suggests that PAWC or Linde had a subjective appreciation of the risk of harm to which Millan was allegedly exposed in front of her residence and that PAWC or Linde acted or failed to act in conscious disregard of that risk. But see, *Hutchison*, 582 Pa. at 124, 870 A.2d at 772. Proof of ordinary negligence, or even gross negligence, is insufficient to support a claim for punitive damages. *Phillips*, 584 Pa. at 189, 883 A.2d at 445. Absent some arguable proof of a subjective appreciation

of Millan's risk of harm and a conscious disregard of that risk by PAWC or Linde, Millan has not identified a factual or legal basis for granting Millan leave of court to amend the complaint to include a claim for punitive damages. See, *Wagner*, supra (denying request to amend negligence complaint to include claim for punitive damages shortly before trial).

In addition to lacking requisite factual support, Millan's motion to amend is also untimely. Millan's original complaint merely alleged ordinary negligence on the part of PAWC and Linde and charged them with failing to exercise reasonable care, failing to conduct periodic inspections, failing to post warning signs, and failing to employ prudent personnel. (Docket entry no. 5, ¶¶8-10). Millan does not aver recklessness in the complaint, nor does she allege facts remotely indicative of wanton, willful or reckless conduct. If a timely filed complaint contains allegations of deliberate and willful conduct, albeit without affirmatively demanding punitive damages, the plaintiff may thereafter amend the complaint to include a claim for punitive damages based upon the facts previously alleged in the complaint. See, *Shanks v. Alderson*, 399 Pa. Super. 485, 491, 582 A.2d 883, 886 (1990), app. denied, 528 Pa. 638, 598 A.2d 994 (1991). However, if the original complaint simply alleges negligence and the plaintiff later seeks to amend the complaint to aver reckless indifference and include a demand for punitive damages after the statute of limitations has expired, the requested amendment is time barred. See, *Romah v. Hygienic Sanitation Company*, 705 A.2d 841, 858-860 & n. 9 (Pa. Super. 1997) (if plaintiff seeks to amend negligence complaint

to include claim for punitive damages based upon gross negligence, the amendment proposes a different theory or kind of negligence and must be filed within two years of discovery of the concealed gross negligence), aff'd, 558 Pa. 378, 737 A.2d 249 (1999); *Willett v. Evergreen Homes, Inc.*, 407 Pa. Super. 141, 149-150, 595 A.2d 164, 168-169 (1991) (since original complaint alleged no more than ordinary negligence, proposed amendment to allege reckless indifference and to demand punitive damages was barred by two year statute of limitations), app. denied, 529 Pa. 623, 600 A.2d 539 (1991); *Fasula v. Hijazi*, 44 D. & C. 4th 553, 561 (Lacka. Co. 1999) (noting that plaintiff could not amend complaint to seek recovery of punitive damages more than two years beyond date of decedent's death if averments of initial complaint merely alleged ordinary negligence). Since Millan's fall occurred on October 23, 2001 and the complaint alleges ordinary negligence on the part of PAWC and Linde, her request to amend the complaint more than ten years after her fall to assert a claim for punitive damages is clearly time barred. See, *Romah*, supra; *Willett*, supra. Accordingly, for substantive and procedural reasons, Millan's motion to amend will be denied.

And now, January 26, 2012, upon consideration of "plaintiffs' motion for leave to amend complaint to include claim for punitive damages" and the defendants' responses thereto, and based upon the reasoning set forth above, it is hereby ordered and decreed that "plaintiffs' motion for leave to amend complaint to include claim for punitive damages" is denied.